UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURTIS ROOKAIRD, | ) |
|                    Plaintiff, | ) No. CV |
| v. | ) **COMPLAINT** |
| BNSF RAILWAY COMPANY, A Delaware corporation, | ) **JURY DEMAND** |
|                    Defendant. | ) |

Plaintiff Curtis Rookaird ("Mr. Rookaird") brings this Complaint against Defendant BNSF Railway Company ("BNSF"). In support, Mr. Rookaird states and alleges as follows:

**PARTIES**

1. Mr. Rookaird resides in Snohomish, Washington.

2. At all times material herein, BNSF was and is a Delaware corporation organized and existing as a railroad carrier engaged in interstate commerce. BNSF maintains and operates a Northwest Division office located at 2601 20th Avenue West, Seattle, WA 98199. Process can be served on BNSF's registered agent: CT Corporation System, 505 Union Ave. SE, Suite 120, Olympia, WA 98501.

3. At all times material herein, Mr. Rookaird was an employee of BNSF, having been hired as a Conductor in or around December 2004.

Complaint
Page 1

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

## JURISDICTION AND VENUE

4. This action arises under a federal statute, Title 49 U.S.C. § 20109(d)(3), and is timely commenced thereunder. On or about July 23, 2010, Mr. Rookaird filed a complaint with the Secretary of Labor alleging that BNSF violated 49 U.S.C. § 20109. More than 210 days have elapsed since Mr. Rookaird filed that complaint, the Secretary of Labor has not issued a final decision, and there is no allegation or proof that the delay is due to any bad faith on the part of Mr. Rookaird.

5. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391. A substantial part of the events, acts, and/or omissions giving rise to Mr. Rookaird's claim in this action occurred in this judicial district. Mr. Rookaird resides in this judicial district. And because BNSF conducts business in this judicial district and has sufficient contacts with this judicial district, this Court has personal jurisdiction over BNSF.

## VIOLATION OF 49 U.S.C. § 20109

6. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

7. In the weeks and months leading up to the 2010 Vancouver Olympics—held February 12-28, 2010—various BNSF management officials arrived in the area in which Mr. Rookaird regularly worked. These officials were reportedly in the area to address heightened security and terrorism concerns leading up to the Olympic Games.

8. On or about February 11, 2010, BNSF implemented certain operations changes that made substantial changes to the shifts of its employees, including Mr. Rookaird. Specifically, BNSF changed the shifts from two daily 12-hour shifts to three 8-hour shifts.

9. On or about February 23, 2010, Mr. Rookaird began his scheduled shift at 2:30 p.m. Mr. Rookaird's crew began their assigned duties that day late as a result of receiving incorrect paperwork and the necessity that they be transported to an offsite location to retrieve their engines before commencing their first work assignment. In the course of his duties as Conductor, Mr. Rookaird performed air brake testing on tanker cars—containing oil,

Complaint
Page 2

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

propane, and/or other hazardous materials or residue thereof—at or near various tracks in Washington State.

10. On information and belief, some of the cars on which Mr. Rookaird performed air brake testing had been left on the tracks for as long as four (4) days.

11. The performance of this air testing took approximately 20 minutes, but the testing as well as other unanticipated job events that day caused Mr. Rookaird's crew take longer to finish its tasks than BNSF's managers had expected.

12. At approximately 5:20 p.m., BNSF's managers overheard Mr. Rookaird convey over the radio that he was air brake testing tank cars containing oil, propane, and/or other hazardous materials, consistent with his training. A trainmaster questioned Mr. Rookaird about the necessity for air testing these oil, propane, and/or other hazardous material tank cars. A replacement crew was soon assigned to take over the remaining work of Mr. Rookaird's crew. At around 7:00 p.m. that day, Mr. Rookaird's crew completed air testing the tank cars containing oil, propane, and/or other hazardous materials and tied up the train for a subsequent crew. While being taxied to their next assignment, Mr. Rookaird's crew were called back to the Swift Depot where BNSF management communicated dissatisfaction for working "inefficiently" and providing "unacceptable customer service." The crew were told they were "done" and to "tie up."

13. Mr. Rookaird then went to the yard's designated break area to eat before driving home and spoke to a coworker, junior in seniority, who was on the replacement crew and asked why he was there. Mr. Rookaird expressed his belief that the coworker had not received the FRA minimum legal rest period since his prior shift and questioned the coworker about his air testing practices and regulations. BNSF management overheard to coworker's responses and went to the break area, asked Mr. Rookaird why he was questioning the coworker about his work, and told Mr. Rookaird to leave and "go eat at McDonalds." The discussion continued, and Mr. Rookaird was later ordered to leave. As he was leaving the property, Mr. Rookaird looked at the printer for his tie up sheet but did not see it.

Complaint
Page 3

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA  98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

14. Mr. Rookaird arrived home at approximately 11:35 p.m., and requested to be placed immediately on "Lay off sick (LOS)" status for his next shift because he was upset by BNSF management's actions in the break room. One of BNSF's managers later changed the request to "Layoff personal" without notifying Mr. Rookaird.

15. On February 24 and 25, Mr. Rookaird called the BNSF rules hotline and informed BNSF that he had checked with the FRA and that FRA rules required that rail cars of any kind—much less tank cars containing oil, propane, and/or other hazardous material—moved over a public crossing were required to be air tested. Mr. Rookaird also complained that Assistant Terminal Superintendent Stu Gordon had behaved in an abusive, threatening, and intimidating manner toward him in the break room. BNSF documentation shows the complaint was assigned for investigation on February 25.

16. Based on the preceding paragraphs, Mr. Rookaird engaged in protected activities under the statute, including but not limited to the following:
    a. Mr. Rookaird tested air brakes on or about February 23, 2010;
    b. Mr. Rookaird contacted the FRA about safety air brake procedures on or about February 23-24, 2010;
    c. Mr. Rookaird made calls to BNSF's rules hotline regarding safety air brake procedures on or about February 24, 2010.

17. Defendant BNSF, its officers, employees, contractors, and/or subcontractors did the following to discipline, threaten discipline, suspend, reprimand, place on probation, demote, or in some other way discriminate against and/or take unfavorable personnel action or actions against Mr. Rookaird:
    a. On or about February 26, 2010, BNSF sent Mr. Rookaird a notice that an investigatory hearing would be held, threatening discipline for alleged rule violations;
    b. BNSF held Mr. Rookaird out of service pending further investigation;
    c. BNSF conducted an investigatory hearing regarding Mr. Rookaird;

Complaint
Page 4

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

  d. BNSF decided after the investigation that Mr. Rookaird was found to have violated company rules by allegedly submitting a false tie-up sheet, failing to provide a signed tie-up sheet, failing to leave the property when instructed to do so, and failing to work efficiently. This decision led to Mr. Rookaird's employment being terminated on or about March 19, 2010.

18. At the time that each of the actions described in the preceding paragraph was taken, BNSF, its officers, employees, contractors, and/or subcontractors who actually made the decision to take each action knew that Mr. Rookaird had engaged in one or more of the protected activities outlined above.

19. To the extent that any ultimate decision maker did not know about one or more of Mr. Rookaird's protected activities when making his or her decision, there was another BNSF officer, employee, contractor, and/or subcontractor who *did* know about Mr. Rookaird's protected activity and—while acting within the scope of his, her, or its authority—provided facts to the decision maker or otherwise set the decision in motion while intending, or being substantially certain, that the adverse decision would be the result.

20. BNSF, its officers, employees, contractors, and/or subcontractors took those actions to discipline, suspend, reprimand, place on probation, demote, or in some other way discriminate against Mr. Rookaird due, in whole or in part, to the fact that he had engaged in one or more of the protected activities outlined above.

21. The actions that BNSF, its officers, employees, contractors, and/or subcontractors took to discipline, threaten discipline, suspend, reprimand, place on probation, demote, or in some other way discriminate against Mr. Rookaird were in violation of 49 U.S.C. § 20109.

22. As a result of the actions that BNSF, its officers, employees, contractors, and/or subcontractors took to discipline, threaten discipline, suspend, reprimand, place on probation, demote, or in some other way discriminate against Mr. Rookaird, he has suffered damages that include, but are not limited to, the following:

  a. Lost wages;

Complaint
Page 5

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

b. A lowered credit rating because Mr. Rookaird was unable to pay his bills and/or mortgage in a timely manner, resulting in calls from collection agencies, threats of foreclosure on the family home, and rescindment of job offers due to not passing a background check based on a credit score;

c. Mr. Rookaird and his spouse were forced to accept public assistance in order to support themselves and their two small children;

d. Being forced to accept employment as a truck driver in North Dakota at lower wages, forcing him to be separated from his family for 8-week period, resulting in additional anxiety and depression;

e. Being forced to sell recreational property and an antique automobile in order to have funds on which to live after his employment was terminated;

f. Emotional distress, pain, suffering, and loss of enjoyment of life over multiple adverse actions;

g. Expenses of treatment for emotional distress;

h. Litigation costs such as expenses for deposition recording and transcription, expert consulting and testimony, and other compensable costs;

i. Reasonable attorneys' fees including but not limited to those associated with pursuing this claim through administrative and judicial channels through trial and appeal.

23. Based on all of the allegations outlined above, Mr. Rookaird demands and prays that the Court enter judgment in his favor and against BNSF for all relief necessary to make Mr. Rookaird whole including but not limited to relief in the form of:

a. An award of back pay with interest appropriately compounded;

b. An award of benefits lost, including but not limited to credit for months of service that Mr. Rookaird would have earned with the Railroad Retirement Board absent BNSF's termination of his employment;

c. An award for emotional distress, pain, suffering, and loss of enjoyment of life;

Complaint
Page 6

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

    d. An award for the distress sale of the recreational property and Saleen Mustang automobile;

    e. An award for late fees on credit card and mortgage payments, unreimbursed medical expenses, retraining tuition, relocation costs, out-of-state living expenses, and expenses related to attending the PLB hearing;

    f. An award for any and all other compensatory damages including litigation costs and reasonable attorneys' fees;

    g. An award of any other costs, disbursements, and interest allowed by law and/or equity;

    h. An award for the negative tax consequences of compensatory damages; and

    i. Relief requiring BNSF to:

        i. Immediately reinstate Mr. Rookaird to his former position of Conductor at the applicable hourly rate, including all rights, seniority, and benefits, including applicable overtime that Mr. Rookaird would have enjoyed had he never been discharged;

        ii. Permanently post notice of employees' rights under the FRSA in BNSF workplaces, as required by OSHA;

        iii. Train its employees/officers on employees' rights under the FRSA;

24. Mr. Rookaird also prays for punitive damages not to exceed $250,000.00 under 49 U.S.C. § 20109(e)(3) to punish BNSF for its unlawful activity and to deter BNSF from engaging in such unlawful activity in the future.

### DEMAND FOR TRIAL BY JURY

Mr. Rookaird hereby makes and files a written demand for a trial by jury in this action on all issues so triable per 49 U.S.C. § 20109(d)(3) and/or any other controlling authority.

Dated: February 3, 2014

///

///

///

Complaint
Page 7

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com

Respectfully Submitted,

_____
Bradley K. Crosta, WSBA #10571
Crosta & Bateman, LLP
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
T: (206) 224-0900
F: (206) 467-8028
E: bcrosta@crostabateman.com

-and-

William G. Jungbauer, *pro hac vice* anticipated
Christopher W. Bowman, *pro hac vice* anticipated
Yaeger & Jungbauer Barristers, PLC
2550 University Avenue West, Suite 345N
Saint Paul, MN 55114
T: (651) 288-9500
F: (651) 288-0227
E: wgjgrp@yjblaw.com

*Attorneys for Plaintiff Curtis Rookaird*

Complaint
Page 8

CROSTA&BATEMAN, LLP
ATTORNEYS AT LAW
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: (206) 224-0900
Fax: (206) 467-8028
www.crostabateman.com