UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                         )
CURTIS ROOKAIRD,                         )   No. C14-176RSL
                                         )
                    Plaintiff,           )
         v.                              )   ORDER DENYING MOTION
                                         )   FOR SETTLEMENT CONFERENCE
                                         )   BEFORE U.S. MAGISTRATE JUDGE
                                         )
BNSF RAILWAY COMPANY,                    )
                                         )
                    Defendant.           )
_____)

This matter comes before the Court on "Plaintiff's Motion for Settlement Conference before Federal Magistrate." Mot. (Dkt. # 21). Plaintiff seeks an order compelling Defendant to participate in mediation with a United States Magistrate Judge within thirty days of the date of the Court's order. Id. Having considered the parties' memoranda, the supporting documents, and the remainder of the record, the Court DENIES Plaintiff's motion.

This case arises out of Plaintiff's employment with Defendant. Plaintiff alleges that his employment was terminated in March 2010 in violation of the whistleblower provisions of the Federal Rail Safety Act, 49 U.S.C. § 20109. Compl. (Dkt. # 1) at 4-5. In addition to seeking an award of monetary damages, Plaintiff seeks immediate reinstatement to his former position of Conductor. Id. at 6-7. Trial is currently scheduled for May 4, 2015, and the deadline for completing discovery is January 4, 2015. Order Setting Trial Date (Dkt. # 19) at 1. The Court's scheduling order provides that the parties must participate in a settlement conference no later

ORDER DENYING MOTION
FOR SETTLEMENT CONFERENCE

than January 18, 2015.  Id.

Even though the above-captioned case is still in the early phases of discovery, Plaintiff seeks prompt resolution of the dispute because, he argues, he is suffering financially as a result of his termination, his house has been foreclosed upon, and "this case has already been tried to a conclusion." Mot. (Dkt. # 21) at 4.  Thus, he asks the Court to order the parties to engage in mediation with a United States Magistrate Judge.  Defendant does not object to participating in mediation or another settlement proceeding, but it argues that mediation will be more productive after the parties have completed discovery.  Opp. (Dkt. # 23) at 2.

The Court supports the parties' enthusiasm for resolving this case through alternative means, but declines to enter an order compelling the parties to participate in mediation, particularly this early in the case.  This case is still in its early stages and Plaintiff has not provided a compelling reason to require Defendant to participate in mediation at this time.  Furthermore, the parties must attempt in good faith to resolve this dispute through the process set forth in Local Civil Rule 39.1 before the Court will consider asking a U.S. Magistrate Judge to conduct a settlement conference.  See LCR 39.1(e).

For all of the foregoing reasons, Plaintiff's motion for a settlement conference before a magistrate judge (Dkt. # 21) is DENIED.

DATED this 21st of August, 2014.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SETTLEMENT CONFERENCE                 -2-