THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS ROOKAIRD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>　　　　　　Defendant. | Case No. 14-CV-00176-RSL<br><br>**DEFENDANT BNSF RAILWAY COMPANY'S REPLY IN SUPPORT OF BNSF'S MOTIONS IN LIMINE**<br><br>**NOTED ON MOTION CALENDAR: FRIDAY, AUGUST 28, 2015** |

Defendant BNSF Railway Company ("BNSF") submits the following reply in support of its motions in limine.

*1.   Unpled or undisclosed alleged protected activities.*

Plaintiff attempts to argue that BNSF's first motion in limine exceeds the scope of a proper motion in limine because the motion seeks to bar him from introducing evidence of protected activities that he did not allege in the complaint or disclose in response to discovery requests.[1] In addition to making little sense, plaintiff's argument ignores the fact that BNSF made clear that its motion only applies if its summary judgment motion on the protected activity element is denied.[2]

---

[1] *See* Dkt. 136 at 2.
[2] Dkt. 123 at 2 ("To the extent plaintiff's claim survives summary judgment, he should not be allowed to refer to or introduce evidence regarding…alleged protected activities beyond those identified in his original complaint and his discovery responses [.]").

REPLY ISO BNSF'S MOTIONS IN LIMINE - 1
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118361.0005/6423438.1

One of the primary reasons evidence of other alleged protected activities should be excluded is plaintiff's failure to exhaust his administrative remedies with respect to alleged retaliation based on these activities.[3] This failure to exhaust precludes plaintiff from using these alleged activities to establish plaintiff's prima facie FRSA case in this Court. As recently explained in *Brisbois v. Soo Line R.R. Co.*, Case No. 15-cv-0570 (PJS/TNL), 2105 U.S. Dist. LEXIS 111274 (Aug. 21, 2015), the failure to present a claim of retaliation to OSHA renders such claims subject to dismissal for failure to exhaust administrative remedies. In *Brisbois*, plaintiff alleged that the railroad retaliated against her in violation of the FRSA when the railroad: (1) suspended her for five days and restricted her seniority for one year; (2) denied her several assistant foreman and related positions; (3) denied her pay and mileage reimbursements for attending the disciplinary hearing; (4) damaged her car; (5) refused to let her return to work for three days in April 2013; (6) subjected her to additional allegations of rule violations, and conducted an investigation related to the additional allegations; (7) denied her meal and other reimbursements; and (8) continued to deny her assistant foreman and related positions after she contacted OSHA. *Id.* at *4.

The *Brisbois* court found that plaintiff failed to exhaust her claims related to denying other reimbursements, denying several assistant foreman and related positions, and continuing to deny these positions after she contacted OSHA, and that those claims were subject to dismissal on that basis. *Id.* at *15.[4] As the Court explained, "[t]here is no hint in [plaintiff's] administrative complaint that she is accusing [the railroad] of retaliating against her by denying her any assistant-foreman or related position, and thus an OSHA investigator would have had no reason to look into that matter." *Id.* In reaching this result the Court affirmed the applicability of the principles that "separate and distinct incidents of retaliation that were not

---

[3] *See id.* (pointing out that plaintiff's newly identified alleged protected activities were not submitted to OSHA for the required attempted at administrative resolution).

[4] Ultimately, the Court dismissed these claims for lack of subject matter jurisdiction because they were dependent upon the collective bargaining agreement between plaintiff's union and the railroad and thus subject to mandatory arbitration under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq. See Brisbois*, 2015 U.S. Dist. LEXIS 111274 at *7; *15.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 2
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

alleged in an administrative complaint are not deemed to be exhausted" and although administrative complaints are liberally construed, "the scope of a court action 'can only be as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.'" *Id.* at *14-15 (citing and quoting *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 673 (8th Cir. 1994)).

Here, plaintiff's OSHA complaint contains no mention of any of the allegedly unsanitary cab conditions, prior reports of personal injuries or other alleged protected activities that he now attempts to use to support his prima facie FRSA case.[5] Just as the plaintiff in *Brisbois* could not base her FRSA claim on incidents of alleged retaliation that had not been submitted to OSHA for resolution, plaintiff here cannot use claims of engagement in other protected activities that he never made a part of his complaint to OSHA. For that reason, such claims should be excluded from evidence because they are irrelevant.

### 2. *Media Reports, including other reports of other OSHA investigations.*

Plaintiff does not intend to offer evidence of media coverage of his case, but seeks to offer evidence of unspecified "other claims against the railroad for violation of the FRSA," apparently in support of his request for punitive damages.[6] Plaintiff should not be allowed to use unspecified "other claims" for this purpose.

"Due process requires that punitive damages be based on the defendant's conduct and the harm and/or potential harm to the plaintiff, and not on the harm and/or potential harm to nonparty victims." *Sadler v. Advanced Bionics, LLC*, No. 3:11-CV-00450-TBR, 2013 WL 1340350, at *4 (W.D. Ky. Apr. 1, 2013) (citing *Phillip Morris USA v. Williams*, 549 U.S. 346, 353–55 (2007)). Although evidence of actual harm to nonparties *may* be relevant under a reprehensibility analysis, the jury may not "go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is *alleged* to have visited on nonparties." *Williams*, 549 U.S. at 355 (emphasis added). Here, plaintiff's request to introduce

---

[5] *See* Dkt. 96-1 at 13.
[6] Dkt. 136 at 4.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 3
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

evidence of unspecified other claims against BNSF should be rejected under FRE 401-403 and 404(b).

### 3. *Alleged retaliation against other employees.*

As is the case with many of his responses to BNSF's motions in limine, plaintiff does not address the substance of BNSF's argument. Plaintiff ignores *Willis v. BNSF Railway*, 2013 U.S. Dist. LEXIS 142228, at *23 (C.D. Ill. October 2, 2013), which granted a motion to exclude testimony concerning other employees' injuries about which plaintiff lacked personal knowledge. The same rule should apply here to exclude admission of other allegedly retaliatory dismissals or discipline of other employees whose situations are dissimilar to plaintiff's or about which plaintiff lacks personal knowledge. Plaintiff has also made no showing whatsoever of actual harm suffered by other employees or that their cases are sufficiently similar to his to warrant introduction in support of plaintiff's punitive damages case.

### 4. *Congressional intent.*

In *Meredith v. Erath*, No. 99CV13100, 2001 1729626 (C.D. Cal. Sept. 19, 2001), the plaintiffs requested that the federal district court take judicial notice pursuant to Rule 201 of federal statutes and legislative history which plaintiffs argued bore on the strength and applicability of their claims. In rejecting plaintiffs' argument that judicial notice of legislative history is permitted by Rule 201, the court stated the following:

> Plaintiffs request that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of certain federal statutes and legislative history. Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of adjudicative facts that are either "generally known within the territorial jurisdiction of the trial court" or that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "Adjudicative facts" are simply the facts of a particular case that ordinarily go to the jury." 1 Weinstein & Berger, Weinstein's Federal Evidence, § 201.02[1] (Matthew Bender 2d ed.1997). The materials submitted by plaintiffs constitute legal authority, not adjudicative facts. As legal authority, the materials are not the proper subject of judicial notice.

Id. at *2. Just as in *Meredith*, plaintiff should not be permitted to submit legal authority (in the form of legislative) in the guise of adjudicative fact.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 4
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

Moreover, two Western District of Washington trial judges have recently excluded evidence concerning Congressional intent and/or Congressional hearing testimony regarding the FRSA. *See* June 1, 2015 Order Granting in Part and Denying in Part Plaintiff's Motions in Limine, *Michael Elliot v. BNSF Railway Co.*, Case No. C14-5054RBL, Dkt. 66 at 1 (granting a substantially similar motion in limine filed by BNSF);[7] *Almendarez v. BNSF Railway*, 2014 U.S. Dist. LEXIS 49985 (W.D. Wash. April 2, 2014) at *4-5 ("BNSF's request to preclude plaintiffs from offering evidence or argument concerning the legislative history behind the Federal Rail Safety Act (FRSA) is GRANTED, and such evidence or argument EXCLUDED. The Court will instruct the jury on the relevant law."). Plaintiff fails to reference these cases, let alone explain why this Court should reverse course.

Finally, plaintiff claims that Congressional intent has "substantial probative value", but doesn't identify the purported probative value of any evidence of Congressional intent or the Congressional testimony provided by BNSF personnel more than three years before plaintiff's termination. For all these reasons, BNSF's motion should be granted.

5. ***Financial condition of BNSF.***

Plaintiff's argument against BNSF's fifth motion in limine addresses only the aspect of that motion that seeks to bar evidence of BNSF's general financial condition and rests on a misunderstanding of the holding of *Honda Motor Co. Ltd. v. Oberg*, 512 U.S. 415 (1994). Plaintiff cites *Oberg* for the proposition that evidence of a defendant's financial condition is relevant when there is a claim for punitive damages.[8] Plaintiff cites to the concurring opinion of Justice Scalia, but fails to note that the discussion of whether a company's wealth is admissible in a punitive damages context was predicated on the language of an Oregon statute that is entirely inapplicable here. *See Oberg*, 512 U.S. at 439. *See also Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 43 (D. Mass. 2001) (denying motion to compel discovery of defendants' state tax returns in employment discrimination case sought for the purpose of

---

[7] *See "Elliot* Order" (Dkt. 124-4, p. 1-4).
[8] Dkt. 136 at 6.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 5
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118361.0005/6423438.1

demonstrating ability to absorb punitive damages). Any evidence that BNSF is a profitable or wealthy company would only be part of an appeal to the jury's prejudices or sympathies, and thus should be excluded under FRE 403. BNSF's (mostly unopposed) fifth motion in limine should be granted.

### 6. *PPI index and ERP safety program.*

Plaintiff's only argument for introduction of this evidence relates to his belated theory of retaliation based on the report of a workplace injury.[9] As discussed above, plaintiff never pled or disclosed this theory in discovery, and he undisputedly failed to exhaust his administrative remedies with respect to this form of claimed retaliation and it therefore cannot be part of this case. *See Brisbois*, 2015 U.S. Dist. LEXIS 111274. Plaintiff's reliance on *Wallis v. BNSF Ry. Co.*, No. C13-40 TSZ, 2014 WL 1648472, at *7 (W.D. Wash. Apr. 23, 2014) is misplaced. The "major issue in the litigation" language cited by plaintiff appears in a footnote explaining why a 50% reduction in Wallis' fees incurred in opposing a summary judgment motion was proper. *See id.* at *9, n. 5. The reduction was not less because plaintiff was successful in challenging the imposition of 40 PPI points, revealing that the issue was therefore part of a direct claim asserted in the case, which is not the case here. Just as Judge Leighton did in *Elliot*, the Court should exclude this evidence. *See Elliot* Order (Dkt. 124-4, p. 3).

### 7. *1995 merger.*

Plaintiff concedes that the 1995 merger between Burlington Northern and Atchison, Topeka & Santa Fe predates his employment and apparently does not plan to make any argument that the merger has a direct connection with his termination.[10] Plaintiff's request for the Court to defer ruling on this motion is unfounded because it is addressed to a discrete, narrow issue and plaintiff's claim to the contrary simply is not plausible. BNSF's seventh motion in limine should be granted.

---

[9] Dkt. 136 at 7.
[10] *Id.*

REPLY ISO BNSF'S MOTIONS IN LIMINE - 6
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118361.0005/6423438.1

### 8. *Threat of terrorism or special safety concerns.*

In response to BNSF's eighth motion in limine, plaintiff essentially acknowledges that BNSF's General Notice No. 199 applied to the New Westminster subdivision in Canada and not to the air test he completed in Custer, Washington.[11] Plaintiff's only real argument is that generalized evidence of safety or terrorism concerns in Canada is necessary to put his actions in the United States "into the proper context."[12] There is no legal or logical support for this argument and BNSF's eighth motion in limine should be granted.

### 9. *Non-railroad statistical analysis.*

Plaintiff agrees that railroaders are subject to unique federal laws regarding retirement dates, retirement income benefits and disability benefits, but nonetheless seeks to utilize general labor information regarding these matters rather than industry-specific railroad information that is readily available. Plaintiff does not explain why, in this context, the general labor statistics are relevant and non-misleading, and this motion in limine should be granted.

### 10. *Foreclosure of plaintiff's home and financial condition.*

Contrary to plaintiff's representations, plaintiff did not lose his house because BNSF terminated his employment. Plaintiff lost his house because he stopped making the required mortgage payments. Plaintiff has no evidence that he had any equity in his home (the trustee's sale price of almost $200,000 below the amount of his indebtedness is strong evidence that he did not), nor does the FRSA allow for recovery of this type of damages. *See* 49 U.S.C. § 20109(2)(A)-(C) (listing types of damages recoverable in FRSA whistleblower case). There is no basis to allow reference to the foreclosure of plaintiff's home or the Rookaird family's financial condition.

### 11. *Gavalla testimony on air-brake testing*

Try as he might, plaintiff cannot avoid that fact that Mr. Gavalla simply does not have enough experience with air-brake testing to offer any opinions about plaintiff's air brake testing

---

[11] *See* Dkt. 123 at 7; Dkt. 136 at 8.
[12] Dkt. 136 at 8.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 7
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118361.0005/6423438.1

in this case that would pass muster under the reliability requirements of *Daubert*. This Court should exclude any testimony from Gavalla on this topic and limit his testimony to topics on which he is qualified to opine, just as other courts have done. *See, e.g., Barati v. Metro-N. R.R. Commuter R.R. Co.*, 939 F. Supp. 2d 143, 147 (D. Conn. 2013) (noting that Court "narrowed the scope of Mr. Gavalla's permissible testimony to his experience and knowledge as the head of the Federal Rail Administration ("FRA") Office of Safety for seven years, with responsibility for carrying out the FRA's safety inspection program, safety enforcement program, accident investigation program, and drafting of safety rules, regulations, and standards."); *Whitt v. Union Pac. R.R. Co.*, No. 8:12CV358, 2014 WL 3943135, at *4 (D. Neb. Aug. 12, 2014) (permitting Gavalla to "testify generally as to the safety rules and safety regulations that railroads are required to implement, defendant's ICP and its requirements, the importance of accurate reporting by railroads and why the FRA needs such accurate data, the purpose of an ICP, categories of conduct that violate FRA regulations and defendant's ICP, the reasons that accurate data may not be reported and why the reporting of accurate data matters," but excluding his testimony on several other topics).

**12.   Mention of motions in limine and rulings thereon.**

Plaintiff does not oppose BNSF's twelfth motion in limine and it should be granted.[13]

**13.   Documents and photographs not identified in discovery.**

This is a very simple motion seeking exclusion of any documents, photographs or exhibits that have been previously identified or produced in discovery. It is undisputed that such documents cannot be used at trial. Curiously, plaintiff opposes this motion on the basis that BNSF has not specifically identified the undisclosed materials that BNSF seeks to exclude. This is a classic Catch-22. In plaintiff's view, BNSF is required to specifically identify the unidentified and undisclosed documents that BNSF seeks to exclude. Yet BNSF obviously cannot do that, because BNSF does not know which, if any, undisclosed documents,

---

[13] *Id.* at 11.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 8
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118361.0005/6423438.1

photographs or exhibits plaintiff may attempt to introduce into evidence at trial. Accordingly, this motion should be granted.

### 14. *January 10, 2013 Accord between OSHA and BNSF.*

Plaintiff's cursory response to this motion fails to provide any reason why this Court should depart from previous rulings in this district and allow a confidential settlement agreement of unrelated claims into evidence. *See Elliot* Order (Dkt. 124-4, p. 2); *Almendarez*, 2014 U.S. Dist. LEXIS 49985 at *3 ("The OSHA Accord is EXCLUDED as an inadmissible settlement document, Fed. R. Evid. 408, and as unfairly prejudicial to BNSF, Fed. R. Evid. 403."); *see also Bliss v. BNSF Railway Co.*, 2013 WL 55702361 (D. Nebraska Oct. 9, 2013) at *1 ("[BNSF's] motion to exclude any reference to the BNSF/OSHA Accord will be granted"). Plaintiff offers no argument as to why these prior decisions were incorrect, and this motion should be granted.

### 15. *Railroad accidents/incidents and transportation of crude oil or coal.*

Although plaintiff admits that the transport of crude oil or coal has no direct connection to this case, plaintiff apparently intend to argue that he was "justified" in conducting air brake tests because some BNSF railcars *other than the railcars on which he conducted the air brake tests* sometimes transport crude oil or coal. Thus, Plaintiff's own argument shows that evidence regarding BNSF's transportation of crude oil or coal is irrelevant. Once again, plaintiff fails to explain why this Court should not rule consistently with the prior Western District of Washington decision excluding this type of evidence as irrelevant and prejudicial. *See Elliot* Order (Dkt. 124-4, p. 3).

### 16. *Budget cuts.*

Plaintiff's opposes this motion on the grounds that BNSF has not identified the specific budget cuts that BNSF wishes to exclude from evidence, but makes no showing that *any* budget cut could have any relevance to the issues at trial or why the prior Western District of Washington decision excluding this type of evidence was wrongly decided. *See Elliot* Order (Dkt. 124-4, p. 4). This motion should be granted.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 9
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

### 17. OSHA findings regarding plaintiff's termination.

Plaintiff's opposition to this motion ignores and fails to distinguish the case law holding that OSHA findings are irrelevant in the FRSA context. *See, e.g., Perez v. Smart Corp. Inc.*, 2013 WL 6203358 at 8 at *3 (Tex. App. Nov. 27, 21013) (holding that "evidence of OSHA findings or citations is not relevant to the issue of negligence and is therefore inadmissible.") (internal citation omitted). This motion should be granted.

### 18. Discovery orders or other discovery issues.

Plaintiff responds to BNSF's eighteenth motion in limine by criticizing it as "too broad," but then offers non-specific and generalized accusations of unidentified discovery abuses as the reason why the motion should be denied. Plaintiff has not identified any legitimate basis for it to refer to the Court's discovery rulings in the presence of the jury, because there is no legitimate basis for doing so. BNSF's eighteenth motion in limine should be granted.

### 19. March 17, 2010 FRA Report & attachments thereto.

As explained in BNSF's initial motion, this report and the attachments thereto are completely irrelevant. The March 17, 2011 FRA Report deals with angle cocks being left open on certain railroad cars in Everett, Washington after the events giving rise to plaintiff's termination, and the BNSF reports which are attached thereto involve incidents that occurred on April 8, 2007 and February 2, 2008 in Yakima, Washington, and Wellington, Kansas, respectively. These documents have nothing whatsoever to do with Plaintiff's termination or his FRSA claim, and plaintiff's opposition to this motion does not even attempt to explain their relevance. This motion should be granted.

### 20. Testimony of Greg Fox and other "apex" level BNSF management personnel.

Plaintiff opposes BNSF's twentieth motion in limine primarily on the ground that he claims does not know to whom the order would apply. As plaintiff's witness disclosures and other materials submitted in this case reflect, BNSF's high-level management personnel are well-known to plaintiff's counsel and his claim of ignorance is unfounded. To the extent

REPLY ISO BNSF'S MOTIONS IN LIMINE - 10
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

plaintiff incorporates his losing arguments in favor of deposing Carl Ice in opposition to BNSF's motion, the Court should reject those arguments, which are even more attenuated and inapplicable with respect to Mr. Fox then they were to Mr. Ice. BNSF's twentieth motion in limine should be granted.

21. *Emotional Distress or Related Treatment of Kelly Rookaird and the Rookairds' Children.*

Plaintiff responds to BNSF's twenty-first motion in limine by correctly acknowledging the non-party status of other Rookaird family members and the fact that none of them have an emotional distress claim against BNSF in their own right.[14] Plaintiff opposes this motion, however, on the inappropriate grounds that he should be allowed to testify how the family's emotional distress has impacted his own emotional distress.[15] While plaintiff may be allowed to testify regarding his own emotional distress, he cannot be a conduit to describe additional independent emotional distress of his family members in an effort to increase his damages claim. BNSF's twenty-first motion in limine should be granted.

22. *BNSF's EPTS Program.*

Plaintiff's argument against reference to BNSF's EPTS program does not appear to actually argue against reference to such program, but is another attempt to try to bar BNSF from introducing undisputedly relevant evidence that BNSF disciplined employees who committed similar rules violations yet did not engaged in allegedly protected activity similarly to how it disciplined plaintiff. There is no reason to exclude such evidence, nor is there any reason to allow plaintiff to refer to the EPTS, because it simply did not exist when plaintiff was terminated. BNSF's twenty-second motion in limine should be granted.

23. *Testimony of Andrea Smith or References Thereto.*

Plaintiff's characterization of BNSF's motion to exclude the testimony of Andrea Smith or references to it as a "thinly veiled" attempt to re-litigate its motion for a protective order

---

[14] Dkt. 136 at 14.
[15] *Id.*

REPLY ISO BNSF'S MOTIONS IN LIMINE - 11
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

regarding her testimony is simply incorrect. As pointed out in BNSF's opposition to plaintiff's motions in limine, plaintiff was given leave to depose Ms. Smith and made no effort to schedule her deposition, despite being provided with dates when she was available.[16] Moreover, it is undisputed that Ms. Smith had no role whatsoever in the decision to terminate plaintiff or the review of that decision. BNSF's twenty-third motion in limine should be granted.

24.   **BNSF's "Northwest Division Investigation Log".**

Plaintiff's opposition to BNSF's twenty-fourth motion in limine completely ignores the fact that none of the BNSF witnesses in this case have seen this log, nor has plaintiff established that it contains any valid comparison data. Tellingly, plaintiff also ignores that fact that his counsel's firm was unsuccessful in attempting to introduce this log in *McVay v. BNSF*, FRSA Cause No. 2014-FRS-00068, as the Administrative Law Judge found it lacking in foundation and relevance. BNSF's twenty-fourth motion in limine should be denied.

25.   ***Testimony, references, or argument related to Ron Krich allegedly violating hours of service laws.***

Plaintiff's opposition to BNSF's twenty-fifth motion in limine depends on injecting yet another claim of protected activity that he did not plead or disclose, much less submit to OSHA for the required administrative resolution, namely that he engaged in protected activity when he questioned Ron Krich about whether he was in violation of any hours of service laws.[17] For all of the reasons discussed above and in BNSF's prior briefing, plaintiff simply cannot use this alleged protected activity to support his claim in this case. Moreover, plaintiff has not proffered any valid reason why Mr. Krich's testimony should not be excluded under FRE 401-403. BNSF's twenty-fifth motion in limine should be granted.

---

[16] Dkt. 123 at 15-17; Dkt. 135-1; 135-2.
[17] *See* Dkt. 136 at 17.

REPLY ISO BNSF'S MOTIONS IN LIMINE - 12
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

DATED: August 27, 2015

                                            LANE POWELL PC

By  s/Tim D. Wackerbarth
     Tim D. Wackerbarth, WSBA No. 13673
     Gabriel Baker, WSBA No. 28473
Attorneys for Defendant BNSF Railway Company

REPLY ISO BNSF'S MOTIONS IN LIMINE - 13
Case No. 14-CV-00176-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/6423438.1

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 27th day of August, 2015, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Mr. William G. Jungbauer
Mr. Christopher W. Bowman
Yaeger & Jungbauer Barristers, PLC
4601 Weston Woods Way
St. Paul, MN 55127-6356
Facsimile: (651) 288-0227
E-Mail: wjungbauer@yjblaw.com

Mr. Bradley K. Crosta
Crosta & Bateman, LLP
999 Third Avenue, Suite 2525
Seattle, WA 98104-4032
Facsimile: (206) 467-8028
E-Mail: bcrosta@crostabateman.com

Executed on the 27th day of August, 2015, at Seattle, Washington.

*s/Tim D. Wackerbarth*
Signature of Attorney
WSBA No. 13673
Typed Name:  Tim D. Wackerbarth
Address:  1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Fax:  206.223.7107
E-mail:  wackerbartht@lanepowell.com
Attorney(s) For:  Defendant BNSF Railway Company

REPLY ISO BNSF'S MOTIONS IN LIMINE - 14
Case No. 14-CV-00176-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118361.0005/6423438.1