UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS ROOKAIRD,<br><br>        Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>        Defendant. | NO. C14-176RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JAMES KROMWALL |

This matter comes before the Court on "Defendant BNSF Railway Company's Motion to Exclude Testimony of James Kromwall." Dkt. # 121.[1] Having reviewed the materials submitted by the parties, the Court finds as follows.

Plaintiff initially disclosed former Federal Railroad Administration (FRA) inspector James Kromwall as a testifying expert in this case. Dkt. # 122 ¶ 2. Defendant noticed Kromwall's deposition for June 8, 2015, and served him with a subpoena to obtain his file and compel his attendance. Id. Four days before the deposition date, counsel for the FRA contacted BNSF's counsel regarding the deposition and the effect of federal regulations on Kromwall's ability to testify in the action. Dkt. # 122-1 at 3. Defendant agreed to cancel the deposition so that the FRA could assess Kromwall's involvement in the case. Dkt. # 122-2. In August 2015,

---

[1] Considering the factual and regulatory background giving rise to this motion in limine, the Court concludes that there is good cause for a separate motion on this issue under LCR 7(d)(4).

ORDER DENYING
MOTION TO EXCLUDE - 1

1  the parties conferred and plaintiff's counsel informed defendant that the FRA would allow
2  Kromwall to testify as a fact witness via deposition. Dkt. # 122 ¶ 4. At the time this motion was
3  briefed, the FRA had yet to give its final approval for Kromwall to testify. Dkt. # 133 ¶ 7.

4        Defendant gives two reasons that Kromwall should not be allowed to testify. First,
5  defendant notes that federal regulations prohibit Kromwall from testifying as an expert or
6  opinion witness. See 49 C.F.R. §§ 9.3(a), 9.5, 9.9. Plaintiff now agrees that Kromwall cannot
7  give expert opinion testimony. Dkt. # 132 at 3. Because any dispute regarding fact versus
8  opinion testimony can be resolved by the Court when the parties offer portions of the deposition
9  pursuant to LCR 32(e), disagreements over the nature of Kromwall's testimony are not a basis
10 for excluding his testimony in its entirety. The Court observes that the scope of facts to which
11 Kromwall will be able to testify is quite narrow and the scope of matters that may be used to
12 undermine his credibility is quite broad. Because Kromwall cannot testify as an expert he is "no
13 longer allowed . . . to testify based on hearsay information, and to couch his observations as
14 generalized 'opinions' rather than as firsthand knowledge." United States v. Freeman, 498 F.3d
15 893, 904 (9th Cir. 2007) (internal quotation marks omitted). Kromwall's prior designation as an
16 expert in this case, however, is a fair area for inquiry by defendant.

17       The second reason defendant gives to exclude Kromwall's testimony is that BNSF had
18 not yet been allowed to depose Kromwall at the time it filed its motion. Dkt. # 121 at 4-5. Over
19 seven months have passed since the motion to exclude was fully briefed, and a month and a half
20 remain before this matter proceeds to trial. Given expanse of time between defendant's motion
21 and the trial, and the procedure described above, the Court finds that BNSF will not be
22 prejudiced by allowing Kromwall's testimony at trial.

23       For the foregoing reasons, the Court DENIES defendant's motion to exclude the
24 testimony of James Kromwall (Dkt. # 121).

25 //
26 //
27
28 ORDER DENYING
   MOTION TO EXCLUDE - 2

1   DATED this 28th day of March, 2016.

```
                            /s/ Robert S. Lasnik
                            Robert S. Lasnik
                            United States District Judge
```

ORDER DENYING
MOTION TO EXCLUDE - 3