UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS ROOKAIRD,<br><br>        Plaintiff,<br><br>        v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>        Defendant. | NO. C14-176RSL<br><br>ORDER ON DEFENDANT'S MOTIONS IN LIMINE |

This matter comes before the Court on "Defendant's Motions in Limine." Dkt. # 123. Having reviewed the materials submitted by the parties, the Court finds as follows.

**(1) Evidence of Other Protected Activities**

Defendant seeks to prevent plaintiff from presenting evidence or argument regarding alleged protected activities beyond those identified in his original complaint and discovery responses. Consistent with its earlier summary judgment ruling, the Court concludes that the only allegedly protected activities properly at issue are those related to the air brake testing and Rookaird's subsequent reports. Dkt. # 156 at 6.

Defendant's first motion in limine is GRANTED.

**(2) Media Reports**

Defendant seeks to exclude media reports regarding plaintiff's termination and media reports of other Occupational Safety and Health Administration (OSHA) investigations. Defendant also seeks to exclude the OSHA investigations themselves. Plaintiff does not intend

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 1

to present evidence of media coverage regarding his own actions. Plaintiff does, however, note that other claims against the railroad may be relevant to punitive damages. The Court will not admit media coverage regarding plaintiff's claim or other investigations, but will reserve ruling on the admissibility of other investigations and claims until evidence of that type is presented in context.

Defendant's second motion in limine is GRANTED in part.

**(3) Alleged Railroad Treatment of Other Employees**

Defendant seeks to exclude evidence of "[a]lleged retaliatory termination, dismissal or discipline of any other employee . . . ." Dkt. # 123 at 4. This request sweeps broadly, and the Court will not exclude all evidence that may fall into this category without the benefit of the context that would be provided in trial. The Court is, however, sensitive to the defendant's concern that this type of evidence should generally be excluded under Federal Rules of Evidence 401-403 and 404(b). Therefore, to the extent plaintiff wishes to introduce evidence in this category, he must identify the employee with allegedly similar circumstances in advance, and defendant may object at that time. Until such time as the Court gives specific authority for plaintiff to refer to a specific other matter, there should be no reference to this category of evidence in the trial, including jury selection and opening statement.

The Court RESERVES ruling on defendant's third motion in limine.

**(4) Congressional Intent and Hearing Testimony**

Defendant seeks to exclude "[a]ny evidence or argument about Congressional intent . . . or Congressional hearing statements or testimony of any person . . . ." Dkt. # 123 at 5. The Court will instruct the jury on the relevant law and therefore will exclude argument or evidence regarding congressional intent. The congressional testimony of Mark Schultze or other railroad employees may, under limited circumstances, be admissible. See In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010, 2012 WL 425164, at *2 (E.D. La. Feb. 9, 2012). The Court therefore denies this aspect of defendant's request without

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 2

prejudice to defendant raising specific objections to specific prior testimony offered by plaintiff at trial.

Defendant's fourth motion in limine is GRANTED in part.

**(5) Berkshire Hathaway, Warren Buffett, and Financial Condition of Defendant**

Defendant seeks to exclude evidence or argument regarding Berkshire Hathaway, Warren Buffet, and BNSF's financial condition. Plaintiff does not appear to oppose defendant's motion to exclude argument or evidence regarding Berkshire Hathaway or Warren Buffett. See Dkt. # 136 at 6-7. Plaintiff does oppose the motion to exclude evidence regarding BNSF's financial condition, contending that since punitive damages are available under the FRSA, evidence regarding BNSF's financial condition is relevant. Plaintiff will be permitted to introduce evidence of BNSF's financial condition. See TXO Prod. Corp. v. All. Res. Corp., 509 U.S. 443, 462 n.28 (1993) (observing that it is "well settled" that factors including net worth "are typically considered in assessing punitive damages").

Defendant's fifth motion in limine is GRANTED in part.

**(6) PPI Index and ERP Safety Program**

Defendant seeks to exclude testimony regarding its Personal Performance Index (PPI) or ERP safety program. Plaintiff contends that this information is relevant because one of his "case theories is that his report of work-related personal injuries was a contributing factor in the termination of his employment . . . ." Dkt. # 136 at 7. As explained above and in the Court's summary judgment order, the only allegedly protected activities properly at issue are those related to the air brake testing and Rookaird's subsequent reports. Therefore, plaintiff's argument regarding the relevance of this evidence is unavailing.

Defendant's sixth motion in limine is GRANTED.

**(7) 1995 Merger**

Defendant seeks to exclude evidence regarding the 1995 merger between Burlington Northern Railroad and Atchison, Topeka, & Santa Fe and argues that the merger is irrelevant.

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 3

This request is broad in scope, and any objections regarding the relevance of the merger will be better resolved at trial.

The Court RESERVES ruling on defendant's seventh motion in limine.

**(8) Threat of Terrorism and Special Safety Concerns Related to 2010 Olympics**

Defendant seeks to exclude evidence regarding the threat of terrorism or other special safety concerns related to the 2010 Winter Olympics. Defendant published a General Notice No. 199 regarding enhanced security measures during the Olympics, but these measures were applicable only to New Westminster employees in Canada, a group that did not include plaintiff. Plaintiff contends that this notice and a Homeland Security request to step up inspections due to an increased risk of terrorism are relevant "to put Rookaird's actions in a proper context." Dkt. # 136 at 8. While there may be some minimal probative value to this evidence, that value is outweighed by the risk of confusing the issues and misleading the jury.

Defendant's eighth motion in limine is GRANTED.

**(9) Statistical Analysis Not Based on Railroad Statistics**

Defendant and plaintiff agree that railroaders are subject to different laws regarding retirement. Therefore, defendant argues that any non-railroad-specific statistics are irrelevant and highly misleading. Plaintiff responds that "vigorous cross examination" will address these concerns, and the Court agrees.

Defendant's ninth motion in limine is DENIED.

**(10) Plaintiff's Financial Condition and Home Foreclosure**

Defendant seeks to exclude "[a]ny mention of the foreclosure of plaintiff's home or the family's financial condition . . . as irrelevant and unduly prejudicial." Dkt. # 123 at 10. Under 49 U.S.C. § 20109(e)(2)(A)-(C), relief includes reinstatement, backpay with interest, and compensatory damages. There is no mention of consequential damages. Accordingly, evidence regarding the financial condition of plaintiff or his family, or the fact that plaintiff lost his home through non-judicial foreclosure, is not relevant to plaintiff's recovery under the FRSA. This

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 4

evidence may be relevant to plaintiff's emotional distress claim (Dkt. # 1 at 6), however, and the Court will address disputes regarding its relevance for this purpose if and when the issue arises.

Defendant's tenth motion in limine is GRANTED.

**(11) Testimony by George Gavalla Regarding Air Brake Testing**

Defendant requests that plaintiff's expert George Gavalla be precluded from providing testimony regarding air brake testing under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  Under Federal Rule of Evidence 702, a witness "qualified as an expert by knowledge, skill, experience, training, or education may" give opinion or other testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Defendant leans heavily on the fact that Gavalla has not previously given an expert opinion regarding whether a transfer train air brake test was required and has not previously performed transfer train air brake testing.  Dkt. # 123 at 8-10.  Gavalla has, however, had a long history in the railroad industry generally and working on safety issues specifically, including personal involvement in the revision of federal standards for air brake testing.  Dkt. # 137-1 at 2-3. Defendant may cross examine Gavalla regarding his experience with air brake testing, but the Court will not prevent Gavalla from testifying on the topic.

Defendant's eleventh motion in limine is DENIED.

**(12) Reference to Motions in Limine and Rulings Thereon**

The parties agree that they will not reference the motions in limine or the Court's rulings on them.

Defendant's twelfth motion in limine is GRANTED.

**(13) Documents and Photographs Not Identified in Discovery**

Defendant seeks to exclude documents and photographs not produced previously.  Under Federal Rule of Civil Procedure 37(c)(1), if "a party fails to provide information . . . as required

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 5

by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." There is no specific evidence that defendant seeks to exclude at this time, so the Court will not rule on this motion unless and until plaintiff seeks to introduce previously undisclosed evidence and the Court has an opportunity to assess whether the failure to disclose the evidence was substantially justified or harmless.

The Court RESERVES ruling on defendant's thirteenth motion in limine.

**(14) The 2013 Accord Between OSHA and BNSF, Related Negotiations, and Other FRSA Lawsuits Against BNSF**

Defendant seeks to exclude evidence related to the Accord and other FRSA lawsuits against it. The Accord and other lawsuits may be irrelevant to this action, and even if there is some relevance, their probative value may be outweighed by the risk of unfair prejudice. At this time, the Court does not have sufficient information to make such a determination. To the extent plaintiff wishes to introduce evidence in this category, he must identify the case with allegedly similar circumstances in advance, and defendant may object at that time.

The Court RESERVES ruling on defendant's fourteenth motion in limine.

**(15) Railroad Incidents and BNSF's Transport of Crude Oil and Coal**

Defendant seeks to exclude reference to any railroad incident or the fact that defendant transports crude oil. Plaintiff contends that excluding evidence and argument on this point "would require the Jury to analyze Rookaird's decision to conduct the air brake test in a vacuum." Dkt. # 136 at 12. The Court disagrees. The jury will be generally aware of many reasons why the safety of trains is important. On the other hand, allowing plaintiff to introduce evidence of train cargo or incidents that have little, if any, relevance to the incidents at issue creates a substantial risk of unfair prejudice to defendant.

Defendant's fifteenth motion in limine is GRANTED.

**(16) Budget Cuts**

Defendant seeks to exclude evidence regarding any budget cuts it made. Plaintiff objects

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 6

that "to the extent that the railroad has placed fiscal priorities above safety concerns, such evidence is highly relevant and the jury should be allowed to hear the evidence and make whatever determinations it feels is just therefrom." Dkt. # 136 at 12. There appears to be no connection between any BNSF budget cuts and Rookaird's claims. Therefore, not only is the evidence irrelevant, any scant relevance it may have is outweighed by the risk to the defendant if plaintiff introduces evidence that invites the jury to speculate regarding the effect budget cuts may have had on safety priorities.

Defendant's sixteenth motion in limine is GRANTED.

**(17) OSHA Findings**

Defendant seeks to exclude OSHA's findings and preliminary order regarding plaintiff's OSHA complaint against BNSF on the basis that it is irrelevant. The Court will address the admissibility of the OSHA findings and preliminary order, as well as the admissibility of the Public Law Board decision, with the parties prior to their opening statements.

The Court RESERVES ruling on defendant's seventeenth motion in limine.

**(18) Discovery Issues or Orders**

Defendant seeks to prohibit plaintiff from referencing any discovery issues or orders because the evidence would be irrelevant and prejudicial. The Court has already dealt with the discovery issues that have arisen in this case, and there is no legitimate reason that the jury needs to be aware of them.

Defendant's eighteenth motion in limine is GRANTED.

**(19) March 17, 2010, FRA Report & Attachments[1]**

Defendant seeks to exclude the March 17, 2010, FRA report and attachments on a number

---

[1] Plaintiff filed a surreply requesting that the Court strike defendant's reply in support of its motions in limine numbers 19-25 on the basis that defendant's reply was over-length. Dkt. # 144. The Court's order allowing parties to submit reply briefs in support of motions in limine does not specify a page limit, and the Court therefore considered defendant's reply in support of motions in limine numbers 19-25.

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 7

of bases, including that they are irrelevant to plaintiff's claims. Plaintiff does not explain why the report or attachments are relevant. See Dkt. # 136 at 13-14 (addressing defendant's timing and federal regulation arguments).

Defendant's nineteenth motion in limine is GRANTED.

**(20) Testimony of Greg Fox and Other "Apex" Level BNSF Management Personnel**

Defendant requests that Greg Fox and other "apex" level BNSF management personnel not be required to testify at trial. The Court denied plaintiff's motion to compel the deposition of BNSF COO Carl Ice (Dkt. # 104), and the Court's rationale applies equally to Greg Fox. Plaintiff offers no other reason for requiring their testimony beyond the reasons plaintiff already articulated in his unsuccessful motion to compel Ice's deposition. Plaintiff also objects that the "apex" level officials are insufficiently defined. To the extent there is some question regarding whether a potential witness is an "apex" BNSF employee, the parties are directed to confer and, in the event that there is a dispute that cannot be resolved, seek the guidance of the Court.

Defendant's twentieth motion in limine is GRANTED.

**(21) Emotional Distress and Treatment of Kelly Rookaird and the Rookaird's Children**

The parties agree that the emotional distress of non-party members of Rookaird's family is not compensable. The Court will resolve disputes regarding the appropriate scope of testimony regarding plaintiff's emotional distress in the context of trial.

The Court RESERVES ruling on defendant's twenty-first motion in limine.

**(22) Employee Performance Tracking System**

Defendant seeks to prevent plaintiff from referring to the Employee Performance Tracking System on the basis that it did not exist at the time of the events relevant to this case. Plaintiff argues that he should be allowed to discuss defendant's alleged failure to produce this information and allow the jury to infer that the evidence would be unfavorable to defendant's position. Plaintiff has not identified the specific discovery requests that he contends required

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 8

defendant to produce data from the Employee Performance Tracking System, nor has he identified a discovery ruling regarding this evidence that defendant has failed to comply with.

Defendant's twenty-second motion in limine is GRANTED.

**(23) Testimony of Andrea Smith or References Thereto**

Defendant requests that the Court prevent plaintiff from calling Andrea Smith as a witness or otherwise referring to her. It appears that the parties agree that the purpose of calling Smith as a witness would be to discuss the Employee Performance Tracking System. Given the Court's ruling that plaintiff will not be allowed to introduce evidence or argument regarding the Employee Performance Tracking system, it appears that there would be no other reason to call Smith or otherwise refer to her. If there is some other reason that Smith may be relevant to this action, the parties may bring that rationale to the Court's attention.

The Court RESERVES ruling on defendant's twenty-third motion in limine.

**(24) Northwest Division Investigation Log**

Defendant seeks to exclude references to a "Northwest Division Investigation Log" on the basis that there is no evidence that the BNSF witnesses had seen the log or that it contained valid comparison data. Plaintiff claims that defendant failed to produce this log, but argues that he should be allowed to present the Investigation Logs and allow the jury to make an inference regarding defendant's failure to produce them. Because plaintiff has not identified the specific discovery requests that he claims defendant failed to respond to, nor has he identified a discovery ruling regarding the logs that defendant has not complied with, the Court will not allow any reference to the fact that defendant did not produce the Northwest Division Investigation Log. Plaintiff's opposition suggests that he does have some logs in his possession, though it is unclear which ones or how he obtained them. To the extent that plaintiff can lay a proper foundation for this evidence, and to the extent that it is otherwise admissible, the Court may allow it.

Defendant's twenty-fourth motion in limine is GRANTED in part.

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 9

**(25) Ron Krich and Hours of Service Laws**

Defendant seeks to exclude evidence regarding Ron Krich allegedly working past his hours of service. Plaintiff contends that one of his "theories of liability is that he engaged in statutorily protected activity when he inquired about whether Krich was in violation of the laws." Dkt. # 136 at 16. Because the only allegedly protected activities properly at issue are those related to the air brake testing and Rookaird's subsequent reports, evidence or argument regarding Ron Krich and hours of service laws is irrelevant.

Defendant's twenty-fifth motion in limine is GRANTED.

For all of the foregoing reasons, defendant's motions in limine are GRANTED in part, DENIED in part, and RESERVED in part.[2]

DATED this 31st day of March, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 10