UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS ROOKAIRD,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

NO. C14-176RSL

ORDER ON PLAINTIFF'S MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiff's Motions in Limine." Dkt. # 125. Having reviewed the materials submitted by the parties, the Court finds as follows.

**(1) Retention of Out-of-State Counsel**

Plaintiff seeks to exclude evidence regarding his decision to retain out-of-state counsel. Defendants do not intend to present argument regarding plaintiff's choice of out-of-state counsel.

Plaintiff's first motion in limine is GRANTED.

**(2) Comparator Evidence**

Plaintiff seeks to exclude "records related to other employees who allegedly received the same or similar discipline as Rookaird." Dkt. # 125 at 3. Plaintiff claims that defendants did not produce any data from BNSF's Employee Performance Tracking System and that therefore all "comparator" evidence should be excluded as a sanction. The parties dispute whether the system was in place at the time of the events giving rise to this litigation, and plaintiff claims that

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 1

1  data from 2010 was subsequently added to the system.  Plaintiff, however, has not identified the
2  specific discovery requests that he contends required defendant to produce data from the
3  Employee Performance Tracking System, nor has he identified a discovery ruling regarding this
4  evidence that defendant has failed to comply with.  Although plaintiff claims that defendant
5  "cherry picked evidence" regarding employee discipline, plaintiff does not substantiate this
6  claim.

7  Plaintiff's second motion in limine is DENIED.

8  **(3) Public Law Board Decision**

9  Plaintiff seeks to exclude the Public Law Board's findings regarding Rookaird's
10 termination on the bases of irrelevance, unfair prejudice, and the defective nature of the
11 proceedings.  The Court will address the admissibility of the PLB decision, as well as the
12 admissibility of the OSHA findings and preliminary order, with the parties prior to their opening
13 statements.

14 The Court RESERVES ruling on plaintiff's third motion in limine.

15 **(4) Comments Regarding Rookaird's Motive and Effect on Railroad Rates**

16 Plaintiff seeks to prevent argument regarding Rookaird's financial motivation for
17 bringing this lawsuit or the effect that an award of damages would have on BNSF's rates.
18 Defendant does not oppose this motion in limine.

19 Plaintiff's fourth motion in limine is GRANTED.

20 **(5) Character of Defendant**

21 Plaintiff seeks to prevent defendant from referring to itself "as a 'family,' a 'good
22 corporate citizen,' that its business is of benefit to the public at large, or similar flower[y]
23 language." Dkt. # 125 at 9.  Defendant does not object to this portion of plaintiff's motion.
24 Plaintiff also seeks to prohibit defendant from introducing evidence or argument
25 regarding its safety programs or attitude toward safety.  BNSF's ability to defend itself depends
26 upon presenting evidence regarding its approach to safety, particularly its response to plaintiff's

28 ORDER ON PLAINTIFF'S
   MOTIONS IN LIMINE - 2

actions. The Court will not exclude all evidence regarding BNSF's approach to safety, and objections regarding the relevance or admissibility of specific safety-related information are better addressed in the context of trial.

Plaintiff's fifth motion in limine is GRANTED in part.

**(6) Kelly Rookaird's Employment History**

Plaintiff seeks to exclude evidence regarding Kelly Rookaird's employment history, and defendant has represented that it does not intend to introduce evidence or argument on this topic in its case in chief. Defendant, however, notes that Ms. Rookaird's direct testimony may make information regarding her employment history relevant on cross-examination. The Court will grant this motion in limine but will allow defendant to raise specific arguments at trial regarding how plaintiff's direct examination opened the door to make Ms. Rookaird's employment history relevant.

Plaintiff's sixth motion in limine is GRANTED.

**(7) Delay in Filing Income Tax Returns**

Plaintiff seeks to exclude any evidence regarding his delay in filing tax returns. Defendant does not intend to present argument or evidence on this topic, but opposes this motion in limine "because it cannot rule out the possibility that plaintiff's delay in filing required federal tax returns may in some way impact damages issues, such as the calculation of plaintiff's total lost wages or front/back pay claims." Dkt. # 134 at 6. The Court will grant this motion in limine but will allow defendant to make specific arguments at trial regarding the relevance of this evidence for damages calculations.

Plaintiff's seventh motion in limine is GRANTED.

**(8) Testimony Regarding Legal Conclusions**

Plaintiff seeks to exclude the reports and testimony of defendant's expert Brian Keikkila, as well as any lay witness testimony regarding a legal conclusion. Plaintiff's motion sweeps too broadly, and the appropriate scope of both expert and lay testimony is better addressed in

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 3

response to specific objections at trial.

The Court RESERVES ruling on plaintiff's eighth motion in limine.

**(9) Railroad Employee Retirement Age**

Plaintiff seeks to exclude any argument that railroad employees "generally" or "statistically" retire at age 60, on the basis that such argument poses a significant risk of misleading the jury because Rookaird would not have been able to retire with full benefits until age 67. Defendant counters that it should be allowed to present evidence that the assumption that Rookaird will work until age 67 is not well-founded, including statistical evidence showing that most railroad workers retire around age 60, evidence showing that railroad workers with less than 30 years of experience still receive a substantial percentage of the maximum retirement benefit when they retire at age 60, and evidence that the work life expectancy tables relied upon by plaintiff's expert suggest that plaintiff would have retired at age 61. Plaintiff appears to oppose only the statistical evidence showing that most railroad employees retire around age 60. This statistical evidence has some probative value, and plaintiffs will be able to present evidence regarding why Rookaird may not have retired at that time. The Court therefore concludes that there is little risk of unfair prejudice or jury confusion.

Plaintiff's ninth motion in limine is DENIED.

**(10) Evidence or Reference to Court's Rulings *In Limine***

The parties agree that they should not reference the Court's rulings on the motions in limine.

Plaintiff's tenth motion in limine is GRANTED.


For all of the foregoing reasons, plaintiff's motions in limine are GRANTED in part, DENIED in part, and RESERVED in part.[1]

---

[1] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 4

DATED this 31st day of March, 2016.

*[signature]*
Robert S. Lasnik
United States District Judge

---

See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 5