UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS ROOKAIRD,

                    Plaintiff,

        v.

BNSF RAILWAY COMPANY, a Delaware
Corporation,

                    Defendant.

Case No. C14-176RSL

COURT'S INSTRUCTIONS TO
THE JURY

DATED this 25ᵗʰ day of May, 2016.

_____
Robert S. Lasnik
United States District Judge

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 1:  DUTY OF A JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

COURT'S INSTRUCTIONS TO THE JURY

### INSTRUCTION NO. 2: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

**INSTRUCTION NO. 3: STIPULATED FACTS**

Plaintiff and defendant have agreed, or stipulated, to the following facts. This means that you should treat these facts as having been proved. You should consider these facts in addition to those facts which were proved to you at trial.

1. Defendant BNSF Railway Company is a railroad carrier engaged in interstate commerce.

2. Plaintiff Curtis Rookaird was employed by BNSF beginning in 2004 until his termination in 2010.

3. At all times relevant to this litigation, plaintiff was a covered employee within the meaning of 49 U.S.C. § 20109.

4. Robert Johnson was the Conducting Officer at plaintiff's Investigation on March 10, 2010.

## INSTRUCTION NO. 4: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 5: BURDEN OF PROOF –
## PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 6: BURDEN OF PROOF –
## CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proof on any defense by clear and convincing evidence, it means you must be persuaded by the evidence that the defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

Again, you should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 7: EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 8: REDACTIONS IN DOCUMENTS

During this trial, you may have seen documents admitted in evidence that contain blacked-out or otherwise redacted material. These redactions were made by instruction of the Court or agreement between the parties. You should not speculate as to what information was redacted or allow the redactions to influence your decisions in this case.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 9: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 10: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 11: EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 12: EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, and accessory equipment will be available to you in the jury room. A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 13: LIABILITY OF CORPORATIONS

Under the law a corporation is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

The fact that a defendant is a corporation should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

**INSTRUCTION NO. 14: CLAIMS AND DEFENSES**

Plaintiff brings this action asserting that defendant violated the Federal Railroad Safety Act, 49 U.S.C. § 20109, by terminating his employment in March 2010. Plaintiff claims that he engaged in protected activities under the Act by performing an air brake test over the questioning and/or objections of his supervisor, by contacting BNSF's rules hotline about the air brake test, and by contacting the Federal Railroad Administration (FRA) about the air brake test and the railroad's response to it. Defendant claims that plaintiff did not engage in any protected activities under the Act, and specifically that plaintiff was never instructed to stop performing the air brake test; that it did not have knowledge of plaintiff's contacts with the FRA and BNSF's rules hotline; that plaintiff was terminated for a number of reasons besides conducting the air brake test, contacting BNSF's rules hotline, and contacting the FRA; and that it would have terminated plaintiff's employment regardless of any allegedly protected activity.

The foregoing is merely a summary of the claims and defenses of the parties. You are not to take the summary as proof of the matter claimed, and you are to consider only those matters that are admitted or established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

# INSTRUCTION NO. 15: VIOLATION OF THE FEDERAL RAILROAD SAFETY ACT (FRSA)

Plaintiff claims that defendant violated the Federal Railroad Safety Act (FRSA). The purpose of the FRSA is to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents. The FRSA states that a railroad carrier, or an officer or employee of such a railroad carrier, may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done either:

1. to refuse to violate or assist in the violation of any federal law, rule, or regulation relating to railroad safety;

2. or to provide information regarding conduct that constituted a violation of any federal, law, rule, or regulations relating to railroad safety;

3. or to provide notification regarding a hazardous safety condition.

For plaintiff's acts to have been done in good faith: (1) plaintiff must have subjectively believed that the air brake test was required, that he was providing information regarding conduct that violated a federal law rule or regulation, or that he was providing notification regarding a hazardous safety condition; and (2) plaintiff's belief must have been objectively reasonable.

Plaintiff has the burden of proving by a preponderance of the evidence each of the following elements with respect to his claim:

1. that plaintiff engaged in an activity protected by the FRSA;

2. that defendant knew plaintiff engaged in the protected activity;

3. that plaintiff suffered an unfavorable personnel action; and

4. that plaintiff's protected activity was a contributing factor to the unfavorable personnel action.

Some of these elements are not in dispute. The determinations you must make regarding

COURT'S INSTRUCTIONS TO THE JURY

1    plaintiff's claim are described in further detail below.

2        To establish his claim regarding the air brake test, plaintiff must prove only Element No.

3    1, that he engaged in an activity protected by the FRSA.  Specifically, plaintiff must prove that

4    by performing the air brake test, he refused to violate or assist in the violation of any federal law,

5    rule, or regulation relating to railroad safety. Under the applicable federal regulations, the air

6    brake test plaintiff performed may not have been required. You may consider this information in

7    deciding whether plaintiff conducted the test in good faith, but you may still find that his belief

8    that it was required was subjectively and objectively reasonable.

9        To establish his claims regarding his telephone calls to BNSF's hotline regarding air

10   brake safety procedures or contacting the Federal Railroad Administration (FRA) about air brake

11   safety, plaintiff must prove Element No. 1, that he engaged in an activity protected by the FRSA;

12   Element No. 2, that defendant knew of the protected activity; and Element No. 4, that the

13   protected activity was a contributing factor to his termination. Plaintiff's contacts with the

14   hotline or FRA are protected activities if they were made in good faith to provide information

15   regarding conduct that constituted a violation of any federal law, rule, or regulation relating to

16   railroad safety or to provide notification regarding a hazardous safety condition. A "contributing

17   factor" means any factor which, alone or in connection with other factors, tends to affect in any

18   way the outcome of the unfavorable personnel action.

19       If you find that plaintiff has not proved the necessary elements described above by a

20   preponderance of the evidence as to any of the alleged protected activities, you must enter a

21   verdict for defendant.

22       If you find that plaintiff has proved the necessary elements described above as to one or

23   more alleged protected activities, you must then determine whether defendant has proved by

24   clear and convincing evidence the affirmative defense described in Instruction No. 16.

25

26

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 16: FEDERAL RAILROAD SAFETY ACT – AFFIRMATIVE DEFENSE**

Defendant claims that it would have taken the same unfavorable personnel action regardless of whether plaintiff engaged in any protected activity. In order to prove its affirmative defense, defendant must prove by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of plaintiff's protected activity. If you find that defendant has proved its defense, you must enter a verdict for defendant.

## INSTRUCTION NO. 17: MEASURE OF DAMAGES

It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by defendant. In determining the measure of damages, you should consider:

1. The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

2. The reasonable value of lost future earnings and fringe benefits; and

3. The mental and/or emotional harm to plaintiff caused by BNSF's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, worry, and/or anguish that plaintiff either has experienced or will with reasonable probability experience in the future.

In calculating damages for future wage loss, you should determine the present cash value of salary, pension, and any other fringe benefits from today until the time plaintiff may reasonably be expected to fully recover from the continuing effects of any violation of the FRSA, decreased by any projected future earnings from another employer. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the time and in the amounts that you find the damages will be incurred.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 18: NATURE OF CONDUCT**

If you find for plaintiff, you must determine whether plaintiff has proven by a preponderance of the evidence that the defendant's conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate plaintiff's rights under federal law. An act or omission is oppressive if defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 19: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 20: CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 21: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**INSTRUCTION NO. 22: RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

COURT'S INSTRUCTIONS TO THE JURY