UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS ROOKAIRD,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware Corporation,

    Defendant.

Case No. 14-176RSL

AMENDED ORDER AWARDING FEES AND COSTS

This matter comes before the Court on "Plaintiff Curtis Rookaird's Post-Trial Motion for Attorneys' Fees and Non-Taxable Costs." Dkt. # 233. Having reviewed the parties' briefing and supporting materials and the remainder of the record, having heard oral argument on August 23, 2016, and having considered the non-taxable costs identified by the Deputy Clerk of Court, the Court finds as follows.

## BACKGROUND

Plaintiff Curtis Rookaird brought this action alleging that his March 19, 2010, termination violated the whistleblower protections of the Federal Rail Safety Act (FRSA), 49 U.S.C. § 20109. The case was submitted to the jury on three theories of plaintiff's protected activity. Dkt. # 221 at 1. The jury found that plaintiff proved the necessary elements for one of the three theories and awarded plaintiff damages for past and future earnings, mental and/or emotional distress, and punitive damages. Id. at 1-2; Dkt. # 223. In the current motion, plaintiff seeks $420,705.00 in attorney's fees, $50,196.67 in non-taxable costs and litigation expenses, and

AMENDED ORDER AWARDING FEES AND COSTS - 1

$22,700.82 in expert witness fees, for a total of $493,602.49,[1] plus any costs submitted with the Bill of Costs (Dkt. # 232) that are deemed non-taxable. Dkt. # 233 at 14.

## DISCUSSION

**A. Attorney's Fees**

    **1. Standard**

Under the FRSA, the prevailing employee is entitled to "reasonable attorney fees." 49 U.S.C. § 20109(e)(2)(C). To determine the amount of reasonable attorney fees, the Court calculates the lodestar amount, which is the product of the number of hours reasonably expended on the case and the reasonable hourly rates. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The lodestar amount is presumptively reasonable, but in rare cases the Court may adjust the amount upward or downward using a multiplier. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

    **2. Hours Reasonably Expended**

        **a. Deposition Designations**

Defendant argues that the time plaintiff's attorneys spent on deposition designations for James Hurlburt, Ronald Krich, and James Kromwall should be excluded from the fee award. Dkt. # 244 at 4. The Court agrees that this time was not reasonably expended in preparation of the case. Both Hurlburt and Krich testified at trial, and the Court sees no reason why their live testimony could not have been secured prior to the date on which deposition designations were due. Plaintiff did not call Kromwall as a witness or make use of his deposition designations, most of which were improper under the Court's ruling regarding the admissibility of Kromwall's testimony. See Dkt. # 166 at 2. Therefore, the time spent on Kromwall's deposition designations was not reasonably expended. The Court therefore will reduce Bowman's time by

---

[1] Plaintiff submitted four additional declaration setting forth additional fees and costs incurred since filing the original motion. The Court addresses these amounts in Section D, infra.

AMENDED ORDER AWARDING FEES AND COSTS - 2

4.1 hours, Jungbauer's time by 1.75 hours, and Crosta's time by 0.4.[2]

### b. Bowman's Trial Time

BNSF contends that the time Bowman spent at trial should be reduced by 25% because he did not examine any witnesses, perform voir dire, or deliver opening or closing arguments. Dkt. # 244 at 5. Bowman did, however, provide support, such as witness preparation, and argue motions over the course of the trial. Dkt. # 234 at 4. The hours expended by Bowman during trial are therefore reasonable.

### c. Time Related to Ice & Smith Depositions

BNSF argues that time billed in connection with seeking the depositions of Carl Ice and Andrea Smith should be excluded from plaintiff's reasonable hours. Dkt. # 244 at 6 (citing Dkt. ## 234-5 at 8-10; 239-1 at 2). Because plaintiff's motion to compel the deposition of Carl Ice was unsuccessful, plaintiff is not entitled to recover fees for the time spent on it. See Wallis v. BNSF Ry. Co., 2014 WL 1648472, at *4 (W.D. Wash. Apr. 23, 2014) ("Plaintiff is not entitled to recover fees for the hours spent on unsuccessful motions practice . . . ."). The Court finds that plaintiff's billing records provide sufficient detail to identify the time spent on the unsuccessful motion to compel and has identified 3.8 hours of Kelly Nyquist's time, 0.7 hours of Bowman's time, and 0.3 of Jungbauer's time attributable to the unsuccessful motion and will reduce the reasonable hours accordingly. Dkt. ## 234-5 at 8-10; 239-1 at 2. The court will allow plaintiff to recover fees for time related to seeking to depose Smith. Although plaintiff ultimately abandoned those efforts, the "number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). It is not unusual for a client to be billed for time devoted to a litigation strategy that is later set aside, and the Court is not willing to conclude that the time plaintiff spent pursuing Smith's deposition was not

---

[2] Crosta's records show only 24 minutes spent on deposition designations. See Dkt. # 236-3 at 3 (5/3/16 and 5/9/16).

AMENDED ORDER AWARDING FEES AND COSTS - 3

reasonable at the time.

### d. Administrative Assistant and Field Representative Time

BNSF seeks to exclude the time spent by plaintiff's counsel's administrative assistant. Dkt. # 244 at 6. While reasonable litigation expenses may include those of law clerks and paralegals, Missouri v. Jenkins, 491 U.S. 274, 289 (1989), generally a "lawyer's rates are expected to include compensation for required administrative and secretarial help." Eli Lilly & Co. v. Zenith Goldline Pharm., Inc., 264 F. Supp. 2d 753, 763 (S.D. Ind. 2003). Time spent by administrative assistants is not time that could reasonably be billed to a client. See Moreno, 534 F.3d at 1111. Therefore, the Court will exclude the time spent by plaintiff's counsel's administrative assistant.

BNSF also seeks to exclude time spent by plaintiff's counsel's field representative. Dkt. # 244 at 6-7. Counsel's field representative largely performed work that duplicates work that could have been, and often was, performed by a paralegal or one of the experienced attorneys. See Dkt. ## 234 at 9 (describing field representative Jim Larkin's role); 234-9 (nearly all time entries identical to those of Jungbauer, Bowman, and paralegal Nate Miller). The Court therefore will not allow recovery of fees for the field representative's time.

### e. Brandis & Nyquist Time

BNSF seeks to exclude entirely the time of attorneys David Brandis and Kelly Nyquist because "they were tangentially involved in the case, primarily as duplicative attendees on phone conferences and as support for tasks that were either unsuccessful or partially successful . . . ." Dkt. # 244 at 9. The Court has already excluded time spent on the unsuccessful motion to compel Ice's deposition. The time records for the two attorneys (Dkt. ## 238, 239) demonstrate that both contributed to the case in meaningful ways and that the time they spent could reasonably have been billed to a private client. Therefore, the Court will not exclude Brandis and Nyquist's time.

AMENDED ORDER AWARDING FEES AND COSTS - 4

**3. Hourly Rates**

    **a. Jungbauer**

Jungbauer seeks an hourly rate of $600.00. Dkt. # 233 at 7. BNSF contends that $425.00 is a reasonable rate, based primarily on Judge Zilly's determination in 2014 that $400.00 was a reasonable rate for Jungbauer. Dkt. # 244 at 7 (citing Wallis, 2014 WL 1648472, at *2). Plaintiff does not address Judge Zilly's opinion in Wallis or explain why a $200.00 increase over Judge Zilly's determination is reasonable. See Dkt. # 262 at 5-6. The Court therefore concludes that a rate of $425.00 per hour is reasonable, considering the passage of time between the Wallis decision and this order. See Dkt. # 162 at 1 (increasing Bowman's hourly rate by $25.00 over the reasonable rate determined by Judge Zilly to account for passage of time and additional experience).

    **b. Crosta**

In Wallis, Judge Zilly previously found that "in light of his very limited role at trial[,]" a reasonable rate for Crosta was $325.00 per hour. 2014 WL 1648472, at *3. In this case, both the passage of time and Crosta's more active role in trial merit an increase in Crosta's rate to $350.00 per hour. See Dkt. # 162 at 1.

    **c. Bowman**

The Court previously determined that a reasonable rate for Bowman in this case is $275.00 (Dkt. # 162 at 1) and does not find that Bowman's involvement in the trial of this matter changes its analysis.

    **d. Paralegal rates**

Plaintiff seeks rates of $150.00 for the two paralegals, Julie Grinde and Nate Miller, involved in this matter. Dkt. # 233 at 7. Grindle's reasonable rate for the Wallis litigation was $100.00. 2014 WL 1648472, at * 4. Plaintiff does not substantiate his request for a 50% increase in the two years since Wallis. See Dkt. # 262 at 7. The Court finds that a modest increase of 10% is reasonable, for an hourly rate of $110.00 for each paralegal.

AMENDED ORDER AWARDING FEES AND COSTS - 5

### e. Other rates

BNSF has not challenged the rates of attorneys Magnuson, Brandis, or Nyquist, and the Court finds that their rates of $375.00, $275.00, and $275.00, respectively, are reasonable.

### 4. Presumptive Lodestar

Based upon the determinations above, the Court finds that the presumptive lodestar is:

| Name | Reasonable Hourly Rate | Hours Requested | Reasonable Hours | Fee |
|---|---|---|---|---|
| W. Jungbauer | $425 | 299.3 | 297.25 | $126,331.25 |
| B. Crosta | $350 | 88.05 | 87.65 | $30,677.50 |
| C. Bowman | $275 | 436.17 | 431.37 | $118,626.75 |
| J. Magnuson | $375 | 6.18 | 6.18 | $2,317.50 |
| D. Brandis | $275 | 15.62 | 15.62 | $4,295.50 |
| K. Nyquist | $275 | 16.83 | 13.03 | $3,583.25 |
| J. Grinde | $110 | 87.4 | 87.4 | $9,614.00 |
| N. Miller | $110 | 250.2 | 250.2 | $27,522.00 |
| | | | Total | $322,967.75 |

### 5. Adjustment of Lodestar

In unusual cases, the Court may consider an adjustment to the lodestar amount. Van Gerwen, 214 F.3d at 1045. A downward adjustment may be appropriate if plaintiff obtained limited success on his pleaded claims. See McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2009). In this case, plaintiff presented a single claim: that BNSF terminated him in violation of the FRSA. Dkt. # 1 at 2-5. Of the three theories for liability under the FRSA presented to the jury, it found for plaintiff on one: performing the air brake test. Dkt. # 221 at 1. The Court notes, however, that the air brake test was the nucleus of all plaintiff's theories of liability, and plaintiff received a substantial award, including punitive damges. On these facts, a downward adjustment is not warranted.

## B. Non-Taxable Costs

### 1. Flights

BNSF objects to the amount plaintiff spent on flights. First, BNSF objects to plaintiff's counsel's purchase of first or business class tickets. Dkt. # 244 at 11-12. Plaintiff belatedly

AMENDED ORDER AWARDING FEES AND COSTS - 6

argues that purchasing these tickets was more economical because first and business class tickets allowed plaintiff's trial team to check bags of trial materials without additional fees. Dkt. # 262 at 8-9; 263 at 1-2. This explanation is incredible. As an initial matter, plaintiff's counsel had other less expensive options for assembling any paper materials they believed were necessary for trial, including shipping material, printing it upon arrival, or relying on local counsel to print the material. In addition, even if it were necessary for the trial team to bring the material on the flights, the checked baggage fees in economy (particularly for flyers with status on the airline) do not begin to equal the difference between an economy and business or first class fare. Plaintiff has not submitted any alternative calculation of what economy tickets would have cost for each flight, and the Court will therefore halve the amount plaintiff can recover for the first and business class tickets, from $5,375.40 to $2,687.70.[3] The Court will also exclude the $98.00 upgrade to Delta Comfort+, as plaintiff has not given any explanation for this decision. See Dkt. # 234-15 at 26-30.

Second, BNSF objects to the flights for paralegal Grinde to attend depositions and mediation, arguing that an experienced attorney like Jungbauer did not need a paralegal to attend. Dkt. # 244 at 12. BNSF did not challenge the time spent in depositions or mediation, and even experienced attorneys can use assistance in managing exhibits and the like. The Court therefore will not exclude costs for Grinde's flights.

In sum, plaintiff may recover $3,455.90 for the cost of flights.

**2. Meals**

Plaintiff requests meal expenses equivalent to the Court's per diem rate for meals and incidental expenses in Seattle, which is $74.00 per day. Dkt. ## 233 at 10; 234-16. The Court finds this request reasonable. See Wallis, 2014 WL 1648472, at *8 & n.13 (finding requested meal expenses excessive and awarding Court's per diem rate). Plaintiff may recover $9,990.00

---

[3] The Court has searched a number of flight options on Delta and found that a first class, round trip ticket from MSP to SEA is roughly double the price of an economy ticket.

AMENDED ORDER AWARDING FEES AND COSTS - 7

in meal expenses.

### 3. Total Non-Taxable Costs

BNSF has not challenged plaintiff's other expenses, which total $33,965.10. Plaintiff is therefore entitled to recover $47,411.00 in non-taxable costs, consisting of $3,455.90 for flights, $9,990.00 for meals, and $33,965.10 for other expenses. BNSF also has not objected to plaintiff's request that items submitted as part of the Bill of Costs that are deemed non-taxable be awarded as litigation costs under the FRSA. Plaintiff is therefore entitled to recover the $12,869.27 in transcript fees that were deemed non-taxable on September 27, 2016, after the original order in this matter was issued.[4]

**C. Expert Witness Fees**

BNSF has not objected to plaintiff's request for expert witness fees, which are authorized by the FRSA. 49 U.S.C. § 20109(e)(2)(C). Plaintiff is entitled to recover $22,700.82 in expert witness fees. Dkt. # 233 at 14.

**D. Fees and Costs Incurred Since Filing of Motion**

Bowman has submitted three additional declarations detailing fees and costs incurred since the filing of plaintiff's motion. Dkt. ## 263, 269, 275. Crosta has also submitted an additional declaration regarding time he has spent on this matter since the filing of the motion. Dkt. # 274. BNSF filed an objection to Bowman's fourth declaration and Crosta's second declaration, objecting to both the attorneys' hourly rates and the time spent. Dkt. # 277. Rookaird filed a response. Dkt. # 279. The Court addressed the attorneys' rates above will apply the same hourly rate to the supplemental time. The Court will address BNSF's contention that the supplemental time sought is excessive and duplicative below.

<u>Bowman attorney's fees</u>. Since filing the motion, Bowman has spent an additional 62.24 hours on this matter. Dkt. ## 263 at 3; 269 at 2; 275 at 2. BNSF argues that "much of the time requested would be inappropriate to pass on to BNSF in a supplemental fees award." Dkt.

---

[4] Plaintiff's "Motion to Retax Costs Pursuant to LCR 54(d)(4)" (Dkt. # 289) is DENIED as moot.

AMENDED ORDER AWARDING FEES AND COSTS - 8

# 277 at 2.  With respect to Bowman, BNSF mostly takes issue with billing for travel time.  See id.  BNSF does not cite any authority in support of its position, and other decisions indicate that it is appropriate to award fees for travel time.  See, e.g., Wallis, 2014 WL 1648472, at *5 (awarding 50% of time billed while traveling); United States v. State of Wash., 626 F. Supp. 1405, 1505 (W.D. Wash. 1985) (compensating travel time at otherwise applicable rate). Following the Wallis approach, the Court will halve the travel time awarded to Bowman, from 3.82 to 1.91.  See Dkt. # 279 at 3-4 (setting forth travel time).  For the reasons stated in Rookaird's response to BNSF's opposition, the Court finds the time spent communicating with Ms. Rookaird and the court reporter reasonable.  See id. at 2-3.  Based on Bowman's reasonable hourly rate of $275.00, the Court will award an additional $16,590.75 in attorney's fees.

Crosta attorney's fees.  Since filing the motion for fees and costs, Crosta spent an additional 2.95 hours on this matter.  Dkt. # 274 at 1.  BNSF objects that Crosta billed 2.7 hours on August 23, 2016, to review pleadings, attend the hearing, and meet with Bowman after the hearing.  Dkt. # 277 at 2.  The Court agrees that it was unnecessary to have a second attorney, who did not present argument at the hearing, attend.  The Court will therefore award only an additional 0.25 hours for Crosta's time.  Based on Crosta's reasonable hourly rate of $350.00, the Court will award an additional $87.50 in attorney's fees.

Jungbauer attorney's fees.  Since filing the motion, Jungbauer spent an additional 1.23 hours on this matter.  Dkt. # 269 at 2.  Based on Jungbauer's reasonable hourly rate of $425.00, the Court will award an additional $522.75 in attorney's fees.

Additional costs.  Plaintiff also seeks additional costs incurred.  These include $105.07 to provide courtesy copies of filings to the Court; $408.20 in main cabin air fare; $397.35 in hotel costs; $74.00 per diem for meal expenses; $50.00 in checked baggage fees; $200.95 in miscellaneous ground travel and parking fees; and $291.00 to obtain a transcript from the August 23, 2015 hearing.  Dkt. ## 263 at 3; 269 at 2; 275 at 2.  For the reasons discussed above, the Court finds that checking a bag was unnecessary and therefore will not include the $50.00 in baggage fees.  The Court also cannot conclude that the costs of ordering a transcript of the post-

AMENDED ORDER AWARDING FEES AND COSTS - 9

trial hearing could reasonably have been billed to a private client and will not allow recovery of the $291.00 for the transcript. Plaintiff accordingly may recover an additional $1,185.57 in costs.

## CONCLUSION

For the foregoing reasons, plaintiff's post-trial motion for attorney's fees and non-taxable costs (Dkt. # 233) is GRANTED in large part. Plaintiff is awarded attorney's fees in the amount of $340,168.75, expenses of $61,465.84, and expert witness fees of $22,700.82.

Dated this 9th day of December, 2016.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

AMENDED ORDER AWARDING FEES AND COSTS - 10