THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS ROOKAIRD,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>　　　　　　　　Defendant. | Case No. 2:14-cv-00176-RAJ<br><br>**JOINT STATEMENT RE: PROPOSALS FOR HANDLING THE CASE ON REMAND** |

In accordance with the Court's January 28, 2019 Minute Order (Dkt. 320), Plaintiff Curtis Rookaird and Defendant BNSF Railway Company ("BNSF") conferred regarding the manner in which the parties wish to proceed on remand. The parties have not been able to agree how this case should be handled, so have set forth their respective proposals and explanations below.

### PLAINTIFF CURTIS ROOKAIRD'S PROPOSAL

**I.　Procedural background to date.**

The federal complaint in this matter was filed on February 4, 2014.[1] On October 29, 2015, the district court granted in part Plaintiff Curtis Rookaird's motion for partial summary judgment, finding that Rookaird was entitled to summary judgment on the question of whether his allegedly protected conduct in conducting an air brake test over the objections/questioning

---

[1] ECF No. 1.

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 1
NO. 2:14-CV-00176-RAJ
118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

from his supervisors was a contributing factor in the railroad's termination of his employment.[2] The case was tried to a jury in May 2016, which unanimously found that (1) Rookaird's performance of the air brake test was constituted protected activity under the FRSA and (2) the railroad had not established by clear-and-convincing evidence that it would have terminated Rookaird in the absence of that protected activity.[3]  The jury also found that the railroad's conduct was malicious, oppressive, or in reckless disregard of Rookaird's rights, and awarded him $1,646,309 in damages.[4]  Following post-trial motions, the district court reduced the jury's front-pay award by $293,103;[5] awarded Rookaird $11,244.23 in prejudgment interest;[6] and awarded attorneys' fees in the amount of $340,168.75, expenses in the amount of $61,465.84, and expert witness fees of $22,700.82.[7]

The parties filed cross appeals and the Ninth Circuit heard oral argument in May 2018. On November 8, 2018, the Ninth Circuit issued its opinion.  A divided panel affirmed the denial of the railroad's motion for a new trial on the protected-activity element of Rookaird's claim. *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).  The panel went on, however, to "reverse the district court's grant of summary judgment to Rookaird on the contributing-factor issue," finding that the district court had "conflated Rookaird's prima facie showing, which he successfully made as a matter of law, with his substantive case, which should have gone to the jury." *Id.*  In conclusion, the appellate court stated as follows: "We affirm the district court's denial of judgment as a matter of law to BNSF on the protected-activity issue.  We reverse the district court's grant of summary judgment to Rookaird on the contributing-factor issue. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion." *Id.* at 463.  The court noted in a footnote that the railroad had argued that it was entitled to a new trial on all issues, but "express[ed] no view on whether the improper grant of summary judgment to Rookaird on his substantive case justifies a new trial on other issues, such as BNSF's affirmative defense or damages," instead

---

[2] ECF No. 156.
[3] ECF No. 221.
[4] ECF Nos. 221, 223.
[5] ECF No. 282.
[6] ECF No. 300.
[7] ECF No. 306.

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 2
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

leaving it to the district court on remand "to decide whether a new trial on other issues is warranted in light of [its] decision." *Id.* at 463 n.8.

## II. The district court should interpret the remand instruction narrowly.

On remand for further proceedings after a decision by an appellate court, the district court must proceed in accordance with the mandate and the law of the case as established on appeal. *Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977). The mandate is controlling as to all matters within its compass, but leaves to the district court any issue not expressly or impliedly disposed of on appeal. *Id.*; *see also Kearns v. Field*, 453 F.2d 349, 350-351 (9th Cir. 1971). It is Rookaird's position that the most expedient way of proceeding in this case is to limit the new trial on remand to a single issue; to wit, did Rookaird's protected activity of performing the air brake test over the questioning of his supervisors alone, or in connection with other factors, tend to affect in any way the outcome of the railroad's decision to terminate his employment. *See Rookaird*, 908 F.3d at 461 (defining "contributing factor" under FRSA burden-shifting framework). "Importantly, the only burden the statute places on FRSA plaintiffs is to ultimately prove, by a preponderance of the evidence, that their protected conduct was a contributing factor to the adverse employment action—i.e., that it 'tend[ed] to affect' the decision in some way." *Frost v. BNSF Ry. Co.*, __ F.3d __, __, 2019 WL 361436, at *4 (9th Cir. Jan. 31, 2019) (citation omitted; alteration in original). "Showing than an employer acted *in retaliation for* protected activity *is* the required showing of intentional discrimination; there is no requirement that FRSA plaintiffs separately prove discriminatory intent." *Id.* (emphasis in original).

### A. Holding a new trial on the protected-activity element of the claim is inconsistent with the appellate court's mandate and therefore would be improper.

There is nothing in the question on which the appellate court granted reversal and a new trial that is relevant to the protected-activity element of Rookaird's claim. Put another way, while the protected activity must be a contributing factor in the adverse employment action, analysis of whether that causal connection is established does not touch on whether the actions of the railroad employee meet one of the statutory definitions of protected activity. They are separate analyses, and the Ninth Circuit's reversal of the summary judgment on the

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 3
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

contributing factor element does not require a retrial of the separate question of whether Rookaird engaged in protected activity under Section 20109.

Moreover, retrial on this issue may well be not only inadvisable, but impermissible. The district court denied the railroad's post-trial motion on the question of whether Rookaird engaged in protected activity.[8] And this holding was explicitly affirmed by the appellate court. See *Rookaird*, 908 F.3d at 463 ("We affirm the district court's denial of judgment as a matter of law to BNSF on the protected-activity issue."). Retrial on this issue is therefore inconsistent with the mandate and inappropriate. *Firth*, 554 F.2d at 993; *Kearns*, 453 F.2d at 350-351.

**B. A new trial following remand should be limited to the simple question of whether Rookaird's protected activity was a contributing factor in the railroad's termination of his employment.**

As with the contributing-factor element, it is not necessary to retry the jury's finding that the railroad failed to establish by clear-and-convincing evidence that it "would have taken the same unfavorable personnel action in the absence of [the protected activity]." *Frost*, 2019 WL 361436 at *4 (quoting 49 U.S.C. § 42121(b)(2)(B)(iv); alteration in original). The railroad was free to, and in fact did, argue that it had met its burden under the statute; and the jury properly rejected that argument. As noted by the appellate court, "BNSF presented evidence that, if credited, could lead a reasonable jury to find that Rookaird's [protected activity] did not contribute to BNSF's decision to terminate him." *Rookaird*, 908 F.3d at 462. The jury's rejection of that evidence on the railroad's statutory affirmative defense is an implicit finding that the jury did not find that the railroad had met its burden under the statute; a finding that the Ninth Circuit did not find warranted reversal.

Nor is there any compelling reason to retry the question of damages to a jury.[9] Rookaird recognizes that the railroad below cites to caselaw holding that damages should be retried following a remand for new trial on other issues when questions of liability and damages are "so interwoven with that of liability that they cannot be submitted to the jury independently of he later without confusion and uncertainty, which would amount to a denial of

---

[8] ECF No. 282, pg 2-4
[9] In the event that judgment is entered for plaintiff on remand, Rookaird reserves the right to ask the court to reconsider or adjust the reduction of front pay awarded, as an additional three-plus years will have passed since the jury first returned its verdict.

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 4
NO. 2:14-CV-00176-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/7555475.4

a fair trial." *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931); *see, e.g.*, *AMCO Ins. Co. v. Eureka Oxygen Co.*, 585 F. App'x 544, 545 (9th Cir. 2014) (ordering new trial, noting that "the issue of damages is intertwined with the issue of liability, so we must remand for a new trial on all issues."). Importantly, however, those directives for a retrial on damages questions stemmed from the appellate courts. Here, the Ninth Circuit specifically declined the railroad's request for a new trial on damages. *Gasoline Prod.* and *AMCO Ins.* are distinguishable on this important fact, and the railroad's citation to them is therefore unavailing.

That the district court granted summary judgment on the relatively straightforward contributing-factor element does not compel the district court on remand to tip over the proverbial apple cart completely and hold a second trial on all issues. The Ninth Circuit implicitly rejected such a proposal by declining to remand for a new trial on every issue. The remand mandate should be narrowly construed, and any new trial should be limited to the contributing-factor element of Rookaird's FRSA claim.

**C. *A narrow reading of the mandate has the added benefit of increasing the likelihood of the parties reaching an out-of-court resolution to this matter, thereby eliminating the need for any second trial (and potential appeal therefrom).***

A narrow reading of the appellate court's mandate has the further benefit of increasing the likelihood of settlement of this matter. If the sole issue for a new trial is the contributing-factor question, the parties can approach a potential pretrial mediation with a clear understanding of the damages award, while recognizing that proceeding to a new trial will nonetheless increase the final figure to account for additional attorneys' fees, litigation costs, and expert witness fees to account for the appeal and a second trial. Leaving the damages portion of the jury's verdict—which cannot credibly be said to have been impacted by the reversed summary-judgment order—intact facilitates an out of court resolution to this matter. Rookaird therefore would ask that the court order a settlement conference pursuant to its authority under Fed. R. Civ. P. 16(a)(5), to be attended by representatives with full settlement authority as soon as possible.

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 5
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Rookaird recognizes that the railroad below responds to this contention in a footnote, stating that restricting the scope of trial for the explicit purpose of trying to get the parties to settle is improper and noting that previous settlement attempts were unsuccessful. Rookaird agrees with the railroad that entering judgment on one or more issues for the sole purpose of trying to force the parties into a settlement agreement is improper. But with respect to defense counsel, that is not what Rookaird is proposing here. As outline above, Rookaird has proven the other elements (that is, other than the contributing-factor element) of his case to a jury. The district court entered judgment based on the jury's finding in large part, and awarded damages, none of which was disturbed on appeal. Facilitating settlement should not be the *only* reason a court interprets a remand instruction in a specific way. But where, as here, *additional* reasons exist, it is worth noting that settlement may be facilitated.

### III. In the event that the district court expands the mandate and holds a new trial on all issues, discovery should be reopened on all issues.

Rookaird does not believe that a new trial is warranted on anything beyond the contributing-factor element, as set forth above. But in the event that any second trial is broader than this question, Rookaird proposes that discovery be reopened on any issue within the scope of that retrial.

The Ninth Circuit instructs that, when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, courts consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)) (reversing district court's denial of motion to re-open discovery after remand).[10] To the extent these factors warrant reopening discovery on the damages question, as asserted by the railroad below,

---

[10] This is the same passage relied on by the railroad, below, in its argument that discovery be reopened but limited to the question of damages.

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 6
NO. 2:14-CV-00176-RAJ
118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

they warrant reopening discovery on any issue retried following remand. While the railroad suggests that the evidence related to damages has changed (or at least progressed) since the first trial, the law related to the other elements has continued to evolve, with the Ninth Circuit having recently issued two decisions informing how FRSA cases must be viewed and handled. *See Frost*, 2019 WL 361436; *Rookaird*, 908 F.3d at 451. If discovery is going to be reopened, then discovery should be reopened.

### IV. Issues such as motions *in limine* should be addressed at a later time, pursuant to further order of the court.

The railroad raises a motion *in limine* in its proposal. Rookaird respectfully submits that any motion *in limine* that either party wishes to raise should be addressed not through a joint statement on "the manner in which the parties wish to proceed," but through a properly filed motion with a briefing calendar as established under the Local Rules.

## DEFENDANT BNSF RAILWAY COMPANY'S PROPOSAL

### I. Procedural history.

This case arises out of BNSF's termination of former employee Curtis Rookaird and his claims that BNSF violated the anti-retaliation provision of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109. This case was originally assigned to Judge Lasnik and proceeded to trial in May 2016. The jury reached a verdict in favor of Rookaird. Both parties appealed.

On November 8, 2018, the Ninth Circuit entered an order affirming in part, reversing in part, vacating the judgment, and remanding to this Court for further proceedings consistent with the opinion. *See Rookaird v. BNSF Ry. Co.*, 908 F.3d 451 (9th Cir. 2018). As a result, the matter needs to be re-tried. With respect to the proceedings on remand, the Ninth Circuit stated: "We express no view on whether the improper grant of summary judgment to Rookaird on his substantive case justifies a new trial on other issues, such as BNSF's affirmative defense or damages. We leave it to the district court on remand to decide whether a new trial on other issues is warranted in light of our decision." *Id.* at 463.

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 7
NO. 2:14-CV-00176-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/7555475.4

As to the re-trial, it should encompass all triable issues related only to Rookaird's claim that BNSF violated the Federal Railroad Safety Act, 49 U.S.C. § 20109, by allegedly dismissing him in retaliation for performing a brake test. As noted in plaintiff's section above (at p. 3, lines 8-12), the brake test claim is the only one remaining. Rookaird's other claims of alleged protected activity were fully and finally resolved in BNSF's favor in the first trial and were not appealed by plaintiff. As explained in more detail below, a new trial on all issues related to the brake test claim is necessary based on the Ninth Circuit's determination that the district court erred in granting summary judgment in favor of Rookaird on the contributing-factor element of his substantive FRSA case. As other courts have acknowledged, there is a significant risk that an error of this magnitude unfairly tainted the jury's view of the claim. A new trial is therefore warranted.

In addition, BNSF respectfully asks the Court to permit it to conduct additional, limited discovery on the following issues: (a) back/front pay damages; (b) failure to mitigate; and (c) emotional distress. BNSF does not believe this would cause any unnecessary burden on the parties as this limited discovery can be completed within a fairly short time frame. Thus, assuming a re-trial is set at least three months out from the filing of this Joint Statement, there is no need for extra time for this limited discovery.

II. **A new trial on most issues is necessary based on the Ninth Circuit's reversal and to correct the error that tainted issues at the previous trial.**

Courts possess broad discretion to order new trials following remand from the Ninth Circuit as part of their inherent authority over trials and pre-trial proceedings. "A new trial proceeds de novo, under the broad discretion of a district court judge to supervise trials." *F.B.T. Prods., LLC v. Aftermath Records*, 827 F. Supp. 2d 1092, 1100 (C.D. Cal. 2011). When a new trial is required, courts must order a new trial on all issues when questions of liability and damages are so interwoven that they cannot be submitted to the jury independently without confusion and uncertainty, which would amount to a denial of a fair trial." *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931); *see, e.g., AMCO Ins. Co. v. Eureka Oxygen*

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 8
NO. 2:14-CV-00176-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118361.0005/7555475.4

*Co.*, 585 F. App'x 544, 545 (9th Cir. 2014) (ordering new trial, noting that "the issue of damages is intertwined with the issue of liability, so we must remand for a new trial on all issues.").

### A. The jury and the Court previously resolved several distinct issues and claims that were not appealed and should not be part of a new trial.

As a preliminary matter, the jury and the Court resolved several separate and distinct issues and claims in connection with the previous trial that were not part of the appeal and should not be re-visited in a new trial. Of note, Judge Lasnik ruled that "the movement at issue was a switching movement, and that therefore an air brake test was not required." *See* Dkt. 214 at 3. This legal question was fully briefed by the parties and decided by the Court as a matter of law. Since Rookaird did not appeal the jury findings and legal ruling on these separate and distinct issues, *see* Dkt. 291 (outlining the limited scope of Rookaird's appeal), he has thus waived any right to seek a new trial on these issues. *See generally El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) (absent cross-appeal, party may not attack the judgment to enlarge his or her own rights or to lessen the rights of the adverse party); *Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001).

### B. The remaining issues should be resolved at a new trial.

A new trial on all liability and damages issues related to Rookaird's claim that BNSF retaliated against him for performing a brake test is appropriate in this case to correct the district court's erroneous summary judgment ruling. As background, the FRSA requires an employee to prove four elements of his affirmative case: (a) that he engaged in statutorily protected activity; (b) that the relevant decision-makers knew of that protected activity; (c) that he suffered an adverse action; and (d) that the protected activity was a "contributing factor" in the adverse action decision, *i.e.*, intentional retaliation prompted by the employee engaging in protected activity. *See Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 460-461 (9th Cir. 2018). If a plaintiff proves these elements, the burden then shifts to BNSF to prove, by clear and convincing evidence, that it would have taken the same action notwithstanding any protected

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 9
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

activity. *Id.*

Prior to the 2016 trial, the district court granted Rookaird summary judgment on the contributing-factor element of this claim. Dkt. 156. The Ninth Circuit reversed, finding that the jury should have decided the contributing factor question. *Rookaird*, 908 F.3d at 462-63. The district court's error resulted in instructing the jury that the contributing-factor element was not in dispute and that Rookaird only needed to prove his refusal to stop the air-brake test constituted protected activity. *Id.* at 461. This error fundamentally altered the focus of the trial and the jury's consideration of the issues and evidence by improperly depriving BNSF of critical defenses and blocking consideration of key evidence. As the Ninth Circuit emphasized:

> BNSF presented evidence that, if credited, could lead a reasonable jury to find that Rookaird's refusal to stop the air-brake test did not contribute to BNSF's decision to terminate him. For example, Fortt and Gordon each testified that the air-brake test did not factor into the decision to fire Rookaird. Doug Jones, the general manager of BNSF's Northwest Division who made the decision to fire Rookaird, also testified that the air-brake test did not factor into his decision. BNSF also presented evidence that Rookaird was fired for reasons unrelated to the air-brake test, including his failure to provide a signed time slip, his refusal to leave BNSF property when instructed, and his inaccurate reporting of his off-duty time. Viewing that evidence in the light most favorable to BNSF, a reasonable jury could find that Rookaird's refusal to stop the air-brake test did not contribute to BNSF's decision to terminate him.

*Id.* at 462–63. If the jury had been able to consider this evidence, the jury may have had a very different view of liability and the case as a whole.

Plaintiff's position here is that the parties need only retry the contributing factor element of his claim. *See* Dkt. 314 at 2. That is error. Instead, the parties should retry all triable issues of **liability and damages** associated with Rookaird's sole remaining claim.

*First*, whether or not Rookaird engaged in protected activity at all remains disputed, and the results of the first trial on this question are in doubt. That is because although the district court held as a matter of law that the air brake test was not required, he refused to instruct the jury to that effect, instructing them instead that the test "may not" have been required. This gave Rookaird a legally impermissible way to win: he could win if the jury concluded that he had a reasonable, good faith belief that the test was required, but he could *also* win if the jury

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 10
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

erroneously concluded that the test was in fact required, notwithstanding the fact that the district court held that as a matter of law that it was not. BNSF challenged this improper instruction in the Ninth Circuit, which declined to rule on the question. Therefore, a new trial on protected activity is warranted.

*Second*, a new trial is warranted on BNSF's affirmative defense. Indeed, the Seventh Circuit has held that where, as here, the question of contributing factor was improperly taken from the jury, the jury is likely to have been "misled" as to its determinations about the affirmative defense, as well. *Koziara v. BNSF Railway Co.*, 840 F.3d 873, 879 (7th Cir. 2016) ("so one sees that the district judge's 'contributing factor' ruling on summary judgment misled the jury" in considering BNSF's affirmative defense). Just as in *Koziara*, it is reasonable to believe that the jury here, having been told that Rookaird's protected activity as a matter of law "contributed to" his dismissal, was misled as to how to apply the affirmative defense, and therefore a new trial on that issue is also required.[11]

*And third*, a new trial on damages is also appropriate. The Ninth Circuit's ruling already requires a new trial on liability and, thus, the trial should also include all other issues because the evidence and arguments on liability are inherently intertwined with damage questions. Moreover, given the time that has elapsed since the last trial, a new presentation of damages issues makes sense. A new trial on all issues would promote fundamental fairness and is particularly important because a jury's damages decisions necessarily flow from its liability determinations and evaluation of related evidence. A punitive damages award, for example, plainly requires an assessment of the defendant's actions and cannot be divorced from the jury's views about liability questions. Therefore, BNSF asks the Court to set this case for a new trial on all issues.[12]

---

[11] Plaintiff suggests that limiting the new trial to the contributing factor issue might promote settlement. BNSF respectfully disagrees. Not only is restricting the scope of trial for the explicit purpose of trying to get the parties to settle improper, there has already been a mediation and other unsuccessful attempts at settlement.

[12] BNSF does not believe the Court needs to revisit many of the pretrial rulings on motions in limine and related matters that have not changed.

JOINT STATEMENT RE PROPOSSAL FOR
HANDLING THE CASE ON REMAND - 11
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

### C. The Court should prevent improper arguments to protect against unfair prejudice at a new trial.

In connection with a new trial, BNSF would also seek the opportunity to file additional motions *in limine* based on the evidence and improper argument by Plaintiff's counsel at the first trial. For example, in his closing argument, counsel for Rookaird impugned the character of BNSF witnesses in comparing BNSF to the Klu Klux Klan. *See* Dkt. 282 at 6-7.

### D. BNSF should be allowed limited, post-remand discovery.

District courts possess discretion to permit discovery on remand, *Schagene v. Spencer*, 2018 WL 1210682, at *3 (S.D. Cal. Mar. 8, 2018), in particular, "where the relief sought on remand requires a consideration of facts as they exist at the time of remand and not as they existed several years in the past, then discovery to update and determine facts as of the relevant date may be appropriate." *Carnell Const. Corp. v. Danville Redevelopment & Hous. Auth.*, 2015 WL 2451223, at *2 (W.D. Va. May 22, 2015). The Ninth Circuit instructs that, when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, courts consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)) (reversing district court's denial of motion to re-open discovery after remand).

Here, there are undoubtedly changed circumstances since the May 2016 trial. The parties previously conducted discovery in 2014 and 2015 and were diligent in obtaining discovery within the deadlines previously established. Due to the years-long delay created by the trial and appeal, however, important parts of the previous discovery conducted are now long out of date and would provide the Court and the jury with inaccurate, wrong, and distorted factual information if presented without supplementation. BNSF's proposed additional

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 12
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

discovery will focus on topics related to Rookaird's damages, and is expected to cover Plaintiff's employment status/wages/income since the May 2016 trial. And in this employment case where Rookaird is seeking the award of back (and front) pay, BNSF should be entitled to explore its failure to mitigate affirmative defense for the period from the time of trial to the present. To the extent Rookaird claims emotional distress during the period from the date of trial to the present, BNSF expects to employ expert testimony to explore the topic of how and the scope as to why his termination has affected him for such a lengthy period. Forcing the jury to rely on outdated speculation or incorrect information from 2014 and 2015 when resolving key factual would not promote a just decision on the merits and would unduly prejudice BNSF.

### TRIAL DATE AND CURRENT TRIAL SCHEDULE FOR COUNSEL

For purposes of scheduling a new trial date, defense counsel provide the following dates of unavailability due to scheduled trials in other cases. The majority of these trial dates involve litigation over the December 2017 Amtrak train derailment, which, as this Court is aware, generated numerous cases in the Western District that have now been re-assigned to Judge Settle for handling. At present, counsel for BNSF has trials, primarily federal court jury trials, set to begin on the following dates:

02.11.2019, 02.25.2019, 3.11.2019; 03.18.2019, 03.26.2019, 04.09.2019, 04.29.2019, 05.13.2019, 05.28.2019, 06.10.2019, 06.18.2019, 06.24.2019, 07.03.2019, 07.10.2019, 08.12.2019, 8.19.2019, 08.27.2019, 09.03.2019, 10.01.2019, 10.08.2019, 10.21.2019, 10.29.2019, 11.4.2019, 11.19.2019, 11.25.2019, 12.02.2019, 01.28.2020, 02.25.2020, 03.03.2020, 03.10.2020, 03.23.2020, 04.07.2020, 04.28.2020, 05.26.2020, 06.09.2020, 09.15.2020, 09.29.2020, 10.20.2020, 11.10.2020, 12.01.2020, 01.12.2021, 02.02.2021, 02.16.2021, 03.09.2021, 03.23.2021.

Plaintiff's counsel provides the following dates of unavailability due to scheduling conflicts, noting that they are unavailable for trial on the following dates, nor on dates with sufficient temporal proximity so as to impair adequate preparation:

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 13
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

- Dates identified at ECF No. 312
- October 23-30, 2019
- January 27 – February 7, 2020
- February 18 – March 6, 2020
- March 23 – April 3, 2020
- April 20 – May 4, 2020
- May 18-29, 2020
- June 22 – July 3, 2020

DATED:  February 6, 2019

          Y AEGER & JUNGBAUER BARRISTERS, PLC

By: *s/ Christopher W. Bowman*
William G. Jungbauer, admitted *pro hac vice*
Christopher W. Bowman, admitted *pro hac vice*
4601 Weston Woods Way
Saint Paul, MN 55127
Telephone: (651) 288-9500
Facsimile: (651) 288-0227
wjungbauer@yjblaw.com
cbowman@yjblaw.com

-and-

Bradley K. Crosta, WSBA #10571
CROSTA LAW OFFICE, PLLC
999 3rd Avenue, Suite 2525
Seattle, WA 98104-4032
Telephone: (206) 224-0900
Facsimile: (206) 223-3929
bcrosta@crostalaw.com

*Attorneys for Plaintiff Curtis Rookaird*

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 14
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

LANE POWELL PC

By: *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
Andrew G. Yates, WSBA No. 34239

HALL & EVANS LLC

By: *s/ Keith Goman*
Keith Goman, *pro hac vice*

*Attorneys for Defendant BNSF Railway Company*

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 15
NO. 2:14-CV-00176-RAJ

118361.0005/7555475.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I certify that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

SIGNED February 6, 2019, at Seattle, Washington.

*s/ Deborah Strayer*
Deborah Strayer
Legal Assistant

JOINT STATEMENT RE PROPOSAL FOR
HANDLING THE CASE ON REMAND - 16
NO. 2:14-CV-00176-RAJ
118361.0005/7555475.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107