HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS ROOKAIRD,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,

    Defendant.

Case No. 2:14-cv-00176-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on the parties' motions regarding a pretrial settlement conference. Dkt. ## 324, 327. For the reasons below, the Court **GRANTS** the motions.

## II. BACKGROUND

Plaintiff Curtis Rookaird brought this action pursuant to 49 U.S.C. § 20109(d)(3) alleging Defendant BNSF Railway Company ("BNSF") violated the anti-retaliation provision of the Federal Railroad Safety Act ("FRSA"). Rookaird claims BNSF fired him, in part, for refusing to stop performing an air-brake test. Dkt. # 310 at 7. BNSF disputes this and claims it did not fire Rookaird for that reason. *Id.* BNSF also asserts the affirmative defense that it would have fired Rookaird even if he had not performed the air-brake test. *Id.*

An FRSA retaliation claim requires a plaintiff to prove by the preponderance of the evidence that (1) he engaged in a protected activity; (2) the employer knew he engaged in

ORDER – 1

the allegedly protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable personnel action. 29 C.F.R. § 1982.104(e)(2). In this case, the district court found a triable issue as to whether Rookaird engaged in a protected activity, but otherwise granted him summary judgment on the remaining elements of his FRSA retaliation claim. Dkt. # 310 at 8. At trial, the jury was asked to consider the protected activity element, BNSF's affirmative defense, and damages. *Id*. The jury ultimately found that Rookaird's refusal to stop the break-test was FRSA-protected activity. *Id*. The district court awarded $1.2 million in damages and entered final judgment. *Id.*

The parties timely appealed several of the underlying orders. Dkt. ## 290, 291, 303, 307. The Ninth Circuit affirmed the district court's denial of BNSF's motion for judgment as a matter of law on the protected-activity element. Dkt. # 310. But the Ninth Circuit found that the district court improperly conflated the prima facie showing of Rookaird's FRSA retaliation claim with his substantive case, and held that Rookaird was not entitled to summary judgment on the contributing-factor element of his substantive case. *Id*. at 23. In reversing, the Ninth Circuit added that it "express[es] no view on whether the improper grant of summary judgment to Rookaird on his substantive case justifies a new trial on other issues, such as BNSF's affirmative defense or damages. We leave it to the district court on remand to decide whether a new trial on other issues is warranted in light of our decision." Dkt. # 310 at 24 n. 8.

On February 6, 2019, the parties filed a joint statement regarding their positions on the proper scope of remand and potential discovery. Dkt. # 321. On April 25, 2019, Rookaird moved for an order setting a settlement conference and on May 30, 2019, the parties jointly moved for an order setting a settlement conference. Dkt. ## 324, 327; *see* Fed. R. Civ. P. 16(a)(5) (noting that one purpose of a pretrial conference may be to facilitate settlement of the case); LCR 38.1(e).

ORDER – 2

## III. DISCUSSION

While the parties stipulate to a pretrial settlement conference, they take opposing views on the proper scope of remand. Rookaird asks the Court to construe the Ninth Circuit's remand narrowly and limit a new trial to the contributing factor element only. Dkt. # 321 at 4. BNSF argues that a new trial on all liability and damages issues related to the FRSA retaliation claim is appropriate. *Id.* at 10. BNSF contends specifically that the district court's grant of summary judgment on the contributing-factor element, and its instruction to the jury that the element was not in dispute, "fundamentally altered the focus of the trial and the jury's consideration of the issues and evidence." *Id.*

In support, BNSF points to the Ninth Circuit's finding that BNSF "presented evidence that, if credited, could lead a reasonably jury to find that Rookaird's refusal to stop the air-brake test did not contribute to BNSF's decision to terminate him." *Id.* at 10 (citing *Rookaird v. BNSF Railway Co.*, 908 F.3d 451, 462-63 (9th Cir. 2018)). The Ninth Circuit noted, among other potential reasons for Rookaird's termination, his failure to provide a signed time slip, his refusal to leave BNSF property when instructed, and his inaccurate reporting of his off-duty time. *Id.*

When a case is reversed on a particular point and remanded for further proceedings, the trial court generally has broad discretion to determine the proceedings which are appropriate in light of the appellate court's decision. *See d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 897 (9th Cir. 1977) (whether to limit issues in new trial is within trial court's discretion). A partial new trial is proper when the issues to be retried are distinct and separable from the others such that a trial of those issues may be had without injustice. *Gasoline Products Co. v. Champlin Refinishing Co.*, 283 U.S. 494, 500 (1931); *Pumphrey v. K.W. Thompson Tool Co.*, 62 F. 3d 1128, 1133 (9th Cir. 1995). Here, the Ninth Circuit mandate was only that a jury should determine the contributing-factor element of Rookaird's substantive case. Dkt. # 310 at 24. However, the Court finds that BNSF's affirmative defensive—that BNSF would've fired Rookaird even if he had not performed

ORDER – 3

the air-brake test—is not so distinct and separate from the contributing-factor element. Both issues largely rely on consideration of the same evidence. *Rookaird*, 908 F.3d at 462-63. Given the interrelatedness between the contribution-factor element and the BNSF's affirmative defense, the Court finds it proper to submit both issues to the jury.

Because causation is at issue, *i.e.*, whether Rookaird's protected activity was a factor in his termination, the Court will also resubmit the question of damages to the jury. The Court has no preconceived notion as to whether the damages awarded during the first trial could be supported on retrial where the contributing-factor element is at issue. *Gasoline Products Co.*, 283 U.S. at 500. And after consideration of the Rule 16 factors, the Court will reopen discovery on issues related to damages since the May 2016 trial. *See City of Pomona v. SQM North Am. Corp.*, 866 F.3d 1060 (9th Cir. 2017) (outlining the six factors for courts to consider in amending a Rule 16 scheduling order). The trial, set for July 2020, is not imminent and discovery with respect to damages would lead to relevant evidence. *Id.*

All other issues previously decided are collateral and will not be considered on remand, including the protected activity element. *See Rookaird*, 908 F.3d at 463.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the parties' motions and **ORDERS** this case to a pretrial settlement conference before Magistrate Judge Strombom. Dkt. ## 324, 327.

DATED this 16th day of July, 2019.

<u>*Richard A. Jones*</u>
The Honorable Richard A. Jones
United States District Judge

ORDER – 4