THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS ROOKAIRD,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,

    Defendant.

Case No. 2:14-cv-00176-RAJ

ORDER

## I.   INTRODUCTION

Two motions are before the Court: Plaintiff's Motion for Order to Show Cause (Dkt. # 373) and Plaintiff's Motion to Strike Mark Erwin and Shelly Lewis (Dkt. # 375). Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the motion for an order to show cause (Dkt. # 373) and **GRANTS** the motion to strike (Dkt. # 375).

## II.   DISCUSSION

### A.   Meet and Confer

Under this Court's standing order, "counsel contemplating the filing of *any* motion shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the

ORDER – 1

*substance* of the contemplated motion *and any potential resolution*." Dkt. # 322 ¶ 4 (emphasis in original).  This is a strict requirement.  *Id.*

Defendant BNSF Railway Company ("BNSF") argues that Plaintiff Curtis Rookaird's counsel failed to meet and confer before filing both motions here.  Dkt. # 378 at 1; Dkt. # 379 ¶ 8; Dkt. # 382 at 1; Dkt. # 383 ¶ 2.  Mr. Rookaird's counsel disagrees. Dkt. # 384 at 1; Dkt. # 385 ¶ 2.

The Court takes its meet and confer requirement seriously.  The Court will not resolve the parties' conflicting representations and will address Mr. Rookaird's motions on the merits.  But the parties are warned that any future failure to comply with this requirement may result in the striking of a motion.

Previously, the Court noted its concerns over the parties' "squabbles." Dkt. # 365 at 6.  Last time, it was their inability to coordinate the scheduling of a deposition.  *Id.* Now, it is their inability to meet and confer before the filing of a motion.  The Court explained last time that it expected more of the parties.  *Id.*  Once again, its expectations have gone unmet.  Going forward, all future motions must contain a section explaining how moving counsel complied with the Court's meet and confer requirement and must submit a declaration attesting to the same.

### B. Motion for Order to Show Cause (Dkt. # 373)

As a preliminary matter, Mr. Rookaird should rethink his use of footnotes.  Dkt. # 373 at 10 (page-long, string cite of cases in footnote).  The Court strongly disfavors footnoted legal citations, which serve as an end-run around page limits and formatting requirements dictated by the Local Rules.  *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 n.1 (D. Ariz. Jan. 24, 2014).  The Court strongly discourages the parties from footnoting their legal citations in any future submissions.  *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th

ORDER – 2

Cir. 1994).

Turning to the merits, last year, Mr. Rookaird served a notice of Rule 30(b)(6) deposition on BNSF. Dkt. # 341-3. The deposition was set to start on June 4, 2020. *Id.* But BNSF did not identify or produce any deponents for the deposition and, instead, moved for a protective order the day before the deposition was set to begin. Dkt. # 343 ¶ 14; Dkt. # 340.

The Court granted in part and denied in part BNSF's motion for protective order. Dkt. # 365 at 5-8. The Court explained that three of the four topics listed in the deposition notice related to *liability*—firmly outside the scope of discovery on remand. *Id.* One topic, however, related to *damages*, and thus the Court permitted Mr. Rookaird to take a Rule 30(b)(6) deposition on that topic. *Id.* Specifically, the Court permitted Mr. Rookaird to depose BNSF's Rule 30(b)(6) witness on the third topic of its initial deposition notice, which concerned "testimony on job ratings, data, and earnings for the jobs that Mr. Rookaird performed or someone with his seniority could have performed." *Id.*; *see also* Dkt. # 341-3 at 3-4.

Weeks later, the parties came to court again. Dkt. # 368. Yet again they sought this Court's intervention about the Rule 30(b)(6) deposition. *Id.* BNSF filed an "emergency" motion for a protective order to strike the deposition because its Rule 30(b)(6) witness was unavailable on the date that Mr. Rookaird initially noticed the deposition. *Id.* The parties could not agree on a new date. *Id.*; Dkt. # 370. The Court held a telephone conference the day after the emergency motion was filed. Dkt. # 371. At the conference, the Court struck the scheduled deposition and set a new date. *Id.* ("The Court STRIKES the deposition of the 30(b)(6) witness scheduled for 4/8/2021. The parties agree the deposition shall be rescheduled for 4/19/2021. In any event, the Court orders the deposition to be completed no later than 4/21/2021.").

The instant motion—for the third time—puts the Rule 30(b)(6) deposition at issue. Dkt. # 373. According to Mr. Rookaird, the deposition took place as scheduled, but

ORDER – 3

BNSF produced an inadequate witness. *Id.* at 1. The witness, he says, was "inadequately prepared." *Id.* The witness was only prepared "to testify about jobs Rookaird could have worked at a single station, Bellingham." *Id.* at 2. Mr. Rookaird says that the witness should have been knowledgeable about other stations, such as the nearby Everett station. *Id.* Failure to produce such a knowledgeable witness, he says, violates the Court's previous order permitting the Rule 30(b)(6) deposition. *Id.* To that end, he moves for an order requiring BNSF to show cause why it should not be held in contempt. *Id.*

The Court's previous order indeed permitted Mr. Rookaird to depose BNSF's Rule 30(b)(6) designee. But the order said nothing about whether the designee needed to be knowledgeable about a single BNSF station or multiple stations. Dkt. # 365 at 5-8. The Court's order merely said:

> Topic three, however, relates to damages. It seeks testimony on job ratings, data, and earnings for the jobs that Mr. Rookaird performed or someone with his seniority could have performed. Dkt. # 341-3 at 3-4. This topic plainly seeks discovery on lost wages and thus damages. As such, it is within the scope of remand.
>
> . . . . Mr. Rookaird may depose BNSF's 30(b)(6) corporate designee or designees consistent with this order.

*Id.* at. 8.

Information about BNSF's Everett station or other stations may well be within the scope of permissible discovery on remand. But the Court's previous order is silent on whether BNSF had to supply a Rule 30(b)(6) designee who was knowledgeable about "job ratings outside of Bellingham Station," such as the Everett station, as Mr. Rookaird desires. Dkt. # 373 at 7. BNSF cannot be held in contempt of an order that this Court did not enter. Because the Court's previous order did not require BNSF to supply a Rule 30(b)(6) so knowledgeable, BNSF did not violate the order, and Mr. Rookaird's motion for an order to show cause is **DENIED**.

ORDER – 4

### C.  Motion to Strike Mark Erwin and Shelly Lewis (Dkt. # 375)

In a previous order, the Court clearly explained the scope of permissible discovery on remand.

> Hence, retrial is limited to just three issues: the contributing-factor element, BNSF's affirmative defense, and damages. "All other issues previously decided," this Court ruled, "are collateral and will not be considered on remand, including the protected activity element." *Id.*
>
> The Court also reopened the discovery window—slightly. "[A]fter consideration of the Rule 16 factors, the Court will reopen discovery on issues related to damages since the May 2016 trial." *Id.*
>
> In sum, only the three issues above, and no more, are fit for retrial. And just one of those issues, damages, is subject to new discovery. Even then, *discovery is temporally limited, from 2016 onward*. The Court will patrol these boundaries.

Dkt. # 365 at 5.  In that order, the Court struck a report rendered by Mr. Rookaird's expert, Brandon Ogden, because "Mr. Ogden was retained to opine on issues of liability" and "the Court did not reopen discovery on those issues." *Id.* at 8-11.

Now, Mr. Rookaird similarly moves to strike BNSF's expert reports.  Dkt. # 375. He says that BNSF's experts, Shelly Lewis and Mark Erwin, have disclosed reports that violate the Court's order on the reopening of discovery.  *Id.*  In response, BNSF argues that, unlike Mr. Ogden, BNSF's experts opine on damages, not liability.  Dkt. # 382 at 5. BNSF also argues that this Court's "post-May 2016 limitation on discovery does not apply to expert opinions—only to new discovery since that time." *Id.* at 5.

BNSF's arguments are unpersuasive: Shelly Lewis's and Mark Erwin's expert reports must be stricken for they are outside the scope of discovery on remand.[1]  To be sure, both experts opine on damages, not liability.  Dkt. ## 374-2, 376-1, 383-4.  Mr. Erwin was asked to "calculate Curtis Rookaird's economic loss resulting from the

---

[1] Though Mr. Rookaird's motion is plainly labelled as a motion to strike, BNSF argues that it is, in fact, a motion *in limine*.  Dkt. # 382 at 4.  As such, BNSF argues that the motion is untimely.  *Id.*  The Court does not, however, construe the motion to strike as a motion *in limine* and thus need not consider BNSF's timeliness arguments.

ORDER – 5

allegedly wrongful termination of his employment by [BNSF] on March 19, 2010." Dkt. # 374-2 at 2.  Likewise, Ms. Lewis was asked to "provide[] an assessment of Mr. Rookaird's educational and employment capacity and earning capacity."  Dkt. # 376-1 at 1.  But their reports are not expressly limited to damages that Mr. Rookaird sustained since the first jury trial concluded in May 2016.  For example, Mr. Erwin's report includes his calculation of damages from 2010 to 2019—not merely 2016 onwards.  Dkt. # 374-2 at 9.  The same is true for Ms. Lewis's report, which assesses Mr. Rookaird's "employment capacity and earning capacity" before March 2010 and after March 2010.  Dkt. # 376-1 at 5-7.  And the Court rejects BNSF's argument that its limitation on remand discovery did not apply to expert opinions.  "The Court's remand order plainly limited *any* discovery to May 2016 onward."  Dkt. # 365 at 7 (emphasis added).

Thus, to the extent that Ms. Lewis's and Mr. Erwin's reports opine on damages before May 2016, they are hereby **STRICKEN** for the reasons set forth in the Court's previous order.  Dkt. # 365 at 9-11 (striking Brandon Ogden's expert report because its late disclosure would not be justified or harmless).

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Order to Show Cause (Dkt. # 373) and **GRANTS** Plaintiff's Motion to Strike Mark Erwin and Shelly Lewis (Dkt. # 375).

DATED this 27th day of July, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6

ORDER – 7