HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Paul W. Parker, Personal Representative of the
Estate of Curtis John Rookaird,

        Plaintiff,

     v.

BNSF Railway Company,

        Defendant.

Case No.  2:14-cv-00176-RAJ

ORDER ON THE PARTIES'
MOTIONS *IN LIMINE*

## I.   INTRODUCTION

This matter comes before the Court on the parties' motions *in limine* (or "MIL"). Dkt. ## 348, 350, 377.  Having reviewed the motions, the record, and files therein, the Court finds that oral argument is unnecessary.  The Court's rulings on the motions are set forth below.

## II.   LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  To decide motions *in limine*, the Court is generally guided by Federal Rules of Evidence 401 and 403.  Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without

ORDER – 1

the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.  DISCUSSION

### A.   Preliminary Issues

#### i.   Plaintiff's Revisions to Motions *in Limine*

Initially, the parties submitted separate motions *in limine*. Dkt. ## 348, 350. The Court struck those motions. Dkt. # 365 at 11-13. It explained that many of the motions were "recycled from the first trial," when this case was before Judge Lasnik. *Id.* at 11. Presenting separate motions *in limine*, the Court explained, posed a problem: it made it difficult both to determine which evidentiary issues were already decided by Judge Lasnik and to determine "how trial, appeal, remand, and general changes in circumstances have (or have not) affected [his] previous rulings." *Id.* at 11.

In lieu of the stricken motions, the Court instructed the parties "to reformat and resubmit their respective motions in a joint submission." *Id.* at 12. The Court did not invite revisions to the parties' initial motions and responses. *See id.* Later, the parties indeed filed that joint submission. Dkt. ## 377.

Plaintiff took the Court's request for a joint submission as an opportunity to revise his own motions *in limine* and his responses to BNSF's motions *in limine*. Dkt. # 377 at 1-2. BNSF objects to Plaintiff's revisions and represents that BNSF "has not changed the arguments or even the wording" of its motions or responses. *Id.*

The Court will not consider Plaintiff's revised arguments. The purpose of the joint submission was to advise the Court of which motions *in limine* on retrial are repeats of the first trial. Dkt. # 365 at 11-13. The parties' initial motion *in limine* presentation was "unworkable" because it required the Court to "sift through the motions, spot which ones

ORDER – 2

were already ruled on, determine to what extent the circumstances have changed, determine to what extent the parties have changed their arguments on remand, and, given the law of the case, rule on them accordingly." *Id.* Plaintiff's revisions make the process even more unworkable. By revising his motions and responses, Plaintiff effectively asks the Court to assess three versions of the same argument: the one he offered to Judge Lasnik in the first trial, the one he offered to the undersigned on retrial, and the one he offers in the joint submission. The Court will not countenance that process.

The Court thus only considers the merits of Plaintiff's motions and responses as they were initially submitted. Dkt. ## 348, 356.

### ii.   Withdrawn Motions *in Limine*

When preparing their joint statement, the parties each withdrew certain motions *in limine*. Specifically, Plaintiff withdrew his first and second, and BNSF withdrew its eleventh. Dkt. # 377 at 2. The Court will not address these motions.

### B.   Law of the Case and Bench Trial

In deciding the parties' motions *in limine*, the Court keeps in mind two premises. First, Judge Lasnik's prior *in limine* rulings are law of the case. Second, now that the parties have agreed to a bench trial, the need for *in limine* rulings has greatly diminished.

"[U]nder the law of the case doctrine as applied by this circuit it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial." *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1991) (citing *United States v. Estrada–Lucas*, 651 F.2d 1261, 1263-65 (9th Cir. 1980)). There are two exceptions to this rule: "clear error" or "a change in circumstances." *Id.*

This case was tried before. Before the first trial, both parties filed motions *in limine*. Dkt. ## 123, 125. Judge Lasnik ruled on those motions. Dkt ## 167, 168, 201. On remand from the Ninth Circuit, this case must be tried again. As explained above, the parties on remand have again filed motions *in limine*, Dkt. ## 348, 350, 377. Many of their motions are recycled from the first trial and have already been decided by Judge

ORDER – 3

Lasnik.  Dkt. # 365 at 11-13.  Judge Lasnik's *in limine* rulings are law of the case and binding on this Court, unless the parties can point to clear error or a change in circumstances.

What is more, the parties have recently agreed to a bench trial, diminishing any need for threshold evidentiary rulings.  Dkt. # 412. "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  In the case of a jury trial, a court's *in limine* ruling gives counsel advance notice of the admissibility of certain evidence before counsel tries to use that evidence before a jury. *Id.* at 1111-12.  In the case of a bench trial, however, "any need for an advance ruling evaporate[s]." *Id.* "[A]sking [a] judge to rule in advance on prejudicial evidence so that the judge w[ill] not hear the evidence," is "generally superfluous" or "coals to Newcastle." *Id.*  Now that this case is a bench trial, the need to rule on the parties' motions *in limine* is greatly reduced, even eliminated.

Taken together, these two premises—law of the case and the diminished need for *in limine* rulings in a bench trial—sculpt the contours of this order.  On remand, the parties have advanced 43 motions *in limine*.  Of those, Judge Lasnik already ruled on 28.  And most of the remaining 15 can be better handled in the context of trial, now that prejudicing the jury is no longer a concern.

Still, the Court will rule on the following motions *in limine*: BNSF motion *in limine* nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 27, as well as Plaintiff's motion *in limine* nos. 3, 5, 6, 7, 8, 9, 12, 13, and 14.  The Court finds that, although threshold evidentiary rulings in a bench trial are generally superfluous, ruling on these motions will streamline the issues and save time.  The remaining motions *in limine* are reserved, and the parties will be free to make their objections at trial.

## C.   Parties' Motions *in Limine*

The Court divides its motion *in limine* rulings into four groups.  First are the

ORDER – 4

motions that Judge Lasnik has already decided and that require no further explanation. For this group, there has been no change in circumstance or error in the prior ruling, so the Court expressly adopts Judge Lasnik's rulings as law of the case. Second are the motions that Judge Lasnik already decided but that require further elaboration or modification. Next are new, not-yet-decided motions that the Court will decide to streamline some issues at trial. Last are the motions that the Court expressly reserves. The Court addresses each group of motions *in limine* in turn.

### i.   Previous Motion *in Limine* Rulings Expressly Adopted

Under the law of the case doctrine, "it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial." *Tham*, 960 F.2d at 1397. There are two exceptions to this rule: clear error or a change in circumstances. *Id.*

On remand, many of the parties' motions *in limine* are identical to, or substantially the same as, their previous motions. Judge Lasnik has already ruled on these motions. For many, the circumstances are clearly the same as before, and there is no clear error. The Court sets forth the instant motions and their corresponding Judge Lasnik rulings in the table below:

| Motion *in limine* on Remand | Judge Lasnik's Ruling |
|---|---|
| **BNSF's Motions *in Limine*** | |
| BNSF MIL No. 3 (Dkt. # 350 at 3-4) All media reports regarding Plaintiff's termination, the first trial and outcome, as well as media reports of other OSHA investigations. | The Court will not admit media coverage regarding plaintiff's claim or other investigations, but will reserve ruling on the admissibility of other investigations and claims until evidence of that type is presented in context. Dkt. # 167 at 1-2 (BNSF MIL No. 2). |
| BNSF MIL No. 5 (Dkt. # 350 at 5-6) | The Court will instruct the jury on the |

ORDER – 5

| | |
|---|---|
| Any evidence or argument about Congressional intent or Congressional hearing statements or testimony of any person (including but not limited to, testimony of BNSF senior officer Mark Schultze). | relevant law and therefore will exclude argument or evidence regarding congressional intent. The congressional testimony of Mark Schultze or other railroad employees may, under limited circumstances, be admissible. *See In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010*, 2012 WL 425164, at *2 (E.D. La. Feb. 9, 2012). The Court therefore denies this aspect of defendant's request without prejudice to defendant raising specific objections to specific prior testimony offered by plaintiff at trial. Dkt. # 167 at 2-3 (BNSF MIL No. 4). |
| BNSF MIL No. 12 (Dkt. # 350 at 10) Documents and photographs not identified in discovery. | There is no specific evidence that defendant seeks to exclude at this time, so the Court will not rule on this motion unless and until plaintiff seeks to introduce previously undisclosed evidence and the Court has an opportunity to assess whether the failure to disclose the evidence was substantially justified or harmless.  Dkt. # 167 at 5-6 (BNSF MIL No. 13). |
| BNSF MIL No. 15 (Dkt. # 350 at 12) Reference to any railroad | The jury will be generally aware of many reasons why the safety of trains is |

ORDER – 6

| | |
|---|---|
| accidents/incidents, to "bomb trains," or the fact that BNSF transports crude oil or coal. | important. On the other hand, allowing plaintiff to introduce evidence of train cargo or incidents that have little, if any, relevance to the incidents at issue creates a substantial risk of unfair prejudice to defendant.  Dkt. # 167 at 6 (BNSF MIL No. 15). |
| <u>BNSF MIL No. 16 (Dkt. # 350 at 12)</u><br>Budget cuts made by BNSF, layoffs, or furloughs. | There appears to be no connection between any BNSF budget cuts and Rookaird's claims. Therefore, not only is the evidence irrelevant, any scant relevance it may have is outweighed by the risk to the defendant if plaintiff introduces evidence that invites the jury to speculate regarding the effect budget cuts may have had on safety priorities.  Dkt. # 167 at 6-7 (BNSF MIL No. 16). |
| <u>BNSF MIL No. 18 (Dkt. # 350 at 13)</u><br>Discovery orders or discovery issues. | The Court has already dealt with the discovery issues that have arisen in this case, and there is no legitimate reason that the jury needs to be aware of them.  Dkt. # 167 at 7 (BNSF MIL No. 18). |
| <u>BNSF MIL No. 20 (Dkt. # 350 at 14)</u><br>Testimony of Greg Fox and other "apex" level BNSF management personnel. | The Court denied plaintiff's motion to compel the deposition of BNSF COO Carl Ice (Dkt. # 104), and the Court's rationale |

ORDER – 7

| | applies equally to Greg Fox. Plaintiff offers no other reason for requiring their testimony beyond the reasons plaintiff already articulated in his unsuccessful motion to compel Ice's deposition. Plaintiff also objects that the "apex" level officials are insufficiently defined. To the extent there is some question regarding whether a potential witness is an "apex" BNSF employee, the parties are directed to confer and, in the event that there is a dispute that cannot be resolved, seek the guidance of the Court.  Dkt. # 167 at 8 (BNSF MIL No. 20). |
|---|---|
| BNSF MIL No. 21 (Dkt. # 350 at 14) Emotional Distress or Related Treatment of Kelly Rookaird and their Children. | The parties agree that the emotional distress of non-party members of Rookaird's family is not compensable. The Court will resolve disputes regarding the appropriate scope of testimony regarding plaintiff's emotional distress in the context of trial.  Dkt. # 167 at 8 (BNSF MIL No. 21). |
| BNSF MIL No. 24 (Dkt. # 350 at 15-16) References to BNSF's "Northwest Division Investigation Log". | Because plaintiff has not identified the specific discovery requests that he claims defendant failed to respond to, nor has he identified a discovery ruling regarding the logs that defendant has not complied with, |

ORDER – 8

| | the Court will not allow any reference to the fact that defendant did not produce the Northwest Division Investigation Log. Plaintiff's opposition suggests that he does have some logs in his possession, though it is unclear which ones or how he obtained them. To the extent that plaintiff can lay a proper foundation for this evidence, and to the extent that it is otherwise admissible, the Court may allow it.  Dkt. # 167 at 9 (BNSF MIL No. 24). |
| --- | --- |
| BNSF MIL No. 25 (Dkt. # 350 at 16) Testimony, references, or argument related to Ron Krich allegedly violating hours of service laws. | Because the only allegedly protected activities properly at issue are those related to the air brake testing and Rookaird's subsequent reports, evidence or argument regarding Ron Krich and hours of service laws is irrelevant.  Dkt. # 167 at 10 (BNSF MIL No. 25). |
| **Plaintiff's Motions *in Limine*** | |
| Plaintiff MIL No. 3 (Dkt. # 348 at 4-5) Testimony on Legal Conclusions | Plaintiff seeks to exclude the reports and testimony of defendant's expert Brian Keikkila, as well as any lay witness testimony regarding a legal conclusion. Plaintiff's motion sweeps too broadly, and the appropriate scope of both expert and lay testimony is better addressed in response to specific objections at trial. |

ORDER – 9

| | |
|---|---|
| | Dkt. # 168 at 3-4 (Plaintiff MIL No. 8). |
| <u>Plaintiff MIL No. 6 (Dkt. # 348 at 8)</u><br>Comments as to Rookaird's Motive and Effect on Railroad and Insurance Rates | Plaintiff seeks to prevent argument regarding Rookaird's financial motivation for bringing this lawsuit or the effect that an award of damages would have on BNSF's rates. Defendant does not oppose this motion *in limine*.  Dkt. # 168 at 2 (Plaintiff MIL No. 4). |
| <u>Plaintiff MIL No. 7 (Dkt. # 348 at 8-9)</u><br>Character of the Defendant Railroad | Plaintiff seeks to prevent defendant from referring to itself "as a 'family,' a 'good corporate citizen,' that its business is of benefit to the public at large, or similar flower[y] language." Dkt. # 125 at 9. Defendant does not object to this portion of plaintiff's motion. . . . BNSF's ability to defend itself depends upon presenting evidence regarding its approach to safety, particularly its response to plaintiff's actions. The Court will not exclude all evidence regarding BNSF's approach to safety, and objections regarding the relevance or admissibility of specific safety-related information are better addressed in the context of trial.  Dkt. # 168 at 2-3 (Plaintiff MIL No. 5). |
| <u>Plaintiff MIL No. 8 (Dkt. # 348 at 9)</u><br>Kelly Rookaird's Employment History or | Plaintiff seeks to exclude evidence regarding Kelly Rookaird's employment |

ORDER – 10

| Earning Capacity | history, and defendant has represented that it does not intend to introduce evidence or argument on this topic in its case in chief. Defendant, however, notes that Ms. Rookaird's direct testimony may make information regarding her employment history relevant on cross-examination. The Court will grant this motion *in limine* but will allow defendant to raise specific arguments at trial regarding how plaintiff's direct examination opened the door to make Ms. Rookaird's employment history relevant.  Dkt. # 168 at 3 (Plaintiff MIL No. 6). |
|---|---|
| Plaintiff MIL No. 9 (Dkt. # 348 at 9) <br> Any Delay in Filing Income Tax Returns | The Court will grant this motion *in limine* but will allow defendant to make specific arguments at trial regarding the relevance of this evidence for damages calculations. Dkt. # 168 at 3 (Plaintiff MIL No. 7). |

For the above motions, the parties have not adequately explained how the circumstances have changed on remand or how Judge Lasnik's rulings clearly erred. Thus, under the law of the case doctrine, the Court on retrial **ADOPTS** each of Judge Lasnik's rulings as its own.

## ii.    Previously Decided Motions *in Limine*

Like the motions in the previous group, the motions below have already been decided by Judge Lasnik.  But for these motions, the Court must elaborate further either because doing so will provide extra clarity or because the circumstances have, in fact,

ORDER – 11

changed.

**BNSF's Motion *in Limine* No. 2**

On summary judgment, this Court ruled that only three allegedly protected activities under the Federal Railroad Safety Act ("FRSA") could proceed to trial: Mr. Rookaird's refusal to stop the airbrake test, his contacting the Federal Railroad Administration ("FRA") about the test, and his contacting the BNSF rules hotline about the test. Dkt. # 156 at 6-9.

Before the first trial, BNSF moved *in limine* to prevent Plaintiff from presenting evidence of any other potentially alleged protected activities. Dkt. # 167 at 1 (BNSF MIL No.1). Judge Lasnik granted the motion, holding that only the "air brake testing and Rookaird's subsequent reports" were at issue. *Id.*

Now, BNSF renews its initial motion. Dkt. # 350 at 2-3. On remand, it argues that the Court should prohibit Plaintiff from raising any other allegedly protected activities beyond the airbrake test. *Id.* Specifically, BNSF says that Plaintiff should not be able to introduce evidence or argument about Plaintiff's contacting of the FRA or of the BNSF hotline. *Id.* For his part, Plaintiff says that he does not intend to argue other protected activities besides the airbrake test. Dkt. # 356 at 2-3.

The Court finds that circumstances have changed since Judge Lasnik decided this motion *in limine*. Judge Lasnik previously allowed three allegedly protected activities to proceed to trial. After the first trial, however, the jury found that Plaintiff only proved the necessary elements for one, the air brake test, not the other two allegedly protected activities. Dkt. # 221. Thus, the other two activities are outside the scope of remand and irrelevant, and the Court **GRANTS** the motion.

**BNSF's Motion *in Limine* No. 4**

BNSF moves to exclude evidence or argument of "[a]lleged retaliatory termination, dismissal or discipline of any other employee." Dkt. # 350 at 4-5. The company argues that the facts of this case are "patently unique" and thus "dismissals,

ORDER – 12

disciplines, lawsuits, or claims" regarding other employees are irrelevant. *Id.* This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 4 (MIL No. 3). Judge Lasnik already ruled on that motion. Dkt. # 167 at 2 (MIL No. 3). He reserved ruling on the motion and explained:

> This request sweeps broadly, and the Court will not exclude all evidence that may fall into this category without the benefit of the context that would be provided in trial. The Court is, however, sensitive to the defendant's concern that this type of evidence should generally be excluded under Federal Rules of Evidence 401-403 and 404(b). Therefore, to the extent plaintiff wishes to introduce evidence in this category, *he must identify the employee with allegedly similar circumstances in advance, and defendant may object at that time.* Until such time as the Court gives specific authority for plaintiff to refer to a specific other matter, there should be no reference to this category of evidence in the trial, including jury selection and opening statement.

*Id.* (emphasis added).

The circumstances have not changed, and the Court finds no error. Thus, the Court **ADOPTS** Judge Lasnik's ruling. The Court reiterates that any "comparator" evidence—that is, evidence of treatment of other employees—must be identified in advance of the witness's testimony with a brief proffer by Plaintiff's counsel, and BNSF may object at that time.

### BNSF's Motion *in Limine* No. 6

BNSF moves to exclude evidence or argument about "Berkshire Hathaway, Warren Buffet, and the financial condition of BNSF." Dkt. # 350 at 6. This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 6 (MIL No. 5). Judge Lasnik already ruled on that motion. Dkt. # 167 at 3 (MIL No. 5).

Previously, Plaintiff did not oppose BNSF's motion to the extent it sought to exclude evidence or argument about Berkshire Hathaway or Warren Buffet. *Id.* But now Plaintiff suggests that Berkshire Hathaway is relevant because "BNSF management is

ORDER – 13

governed by the Berkshire Hathaway code of conduct." Dkt. # 356 at 7.

The Court disagrees. Though Plaintiff suggests that the code of conduct would be relevant, he does not explain why, and the Court sees almost no probative value in such evidence or argument. In any event, the circumstances have not changed, and the Court finds no error. Thus, the Court **ADOPTS** Judge Lasnik's ruling.

### BNSF's Motion *in Limine* No. 7

BNSF moves to exclude testimony about its Personal Performance Index ("PPI") or ERP safety program. Dkt. # 350 at 6-7. This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 6-7 (MIL No. 6). Judge Lasnik already ruled on that motion. Dkt. # 167 at 3 (MIL No. 6). Circumstances have technically changed since then because Plaintiff no longer opposes this motion. Dkt. # 356 at 7. But Judge Lasnik previously granted the motion over Plaintiff's previous objections anyway. Thus, despite the technical change in circumstances, the Court **ADOPTS** Judge Lasnik's ruling.

### BNSF's Motion *in Limine* No. 8

BNSF moves to exclude evidence or argument about "the threat of terrorism or special safety concerns in the New Westminster Subdivision because of the 2010 Winter Olympics." Dkt. # 350 at 7. This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 7-8 (MIL No. 8). Judge Lasnik already ruled on that motion. Dkt. # 167 at 4 (MIL No. 8).

Plaintiff asks the Court to revisit Judge Lasnik's ruling. Dkt. # 356 at 7-8. He says that "the Ninth Circuit's mandate regarding Rookaird's substantive case" makes this evidence "of more significant relevance." *Id.* He then makes the same argument as before: this evidence is necessary to "contextualize the pressures that the railroad was operating under" when Mr. Rookaird performed the air brake test. *Id.*

The Court has reviewed the Ninth Circuit's decision and sees no reason why this information has become relevant. Plaintiff's conclusory arguments are no help. The

ORDER – 14

Court concludes that circumstances have not changed since Judge Lasnik's previous ruling, and the Court also finds no error. Thus, the Court **ADOPTS** Judge Lasnik's ruling.

### BNSF's Motion *in Limine* No. 9

BNSF moves to exclude evidence or argument of "[a]ny statistical analysis by any expert or lay witness not based on railroad statistics." Dkt. # 350 at 8. This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 8 (MIL No. 9). Judge Lasnik already ruled on that motion. Dkt. # 167 at 4 (MIL No. 9).

Plaintiff raises new arguments. Dkt. # 356 at 8. For example, he says that such information may be relevant to prove Mr. Rookaird's damages since 2010. *Id.*

The Court need not address any new arguments, however, because Judge Lasnik previously denied this motion *in limine*, explaining that cross examination could resolve any relevance concerns. Given that the circumstances have not changed and that there is no error, Plaintiff's objections are academic. The Court **ADOPTS** Judge Lasnik's ruling.

### BNSF's Motion *in Limine* No. 10

BNSF moves to exclude testimony or evidence of the loss of Mr. Rookaird's home to foreclosure or reference to his or his family's financial condition. Dkt. # 350 at 8. This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 8 (MIL No. 10). Judge Lasnik already ruled on that motion. Dkt. # 167 at 4-5 (MIL No. 10). He held that this evidence is irrelevant because consequential damages are not recoverable under the FRSA. *Id.* But he held that such evidence may be relevant to prove emotional distress damages. *Id.*

The circumstances have not changed, and the Court finds no error. The Court **ADOPTS** Judge Lasnik's ruling.

### BNSF's Motion *in Limine* No. 13

BNSF moves to exclude evidence or argument of "[t]he January 10, 2013 Accord

ORDER – 15

between OSHA and BNSF or any negotiations regarding the same." Dkt. # 350 at 10. This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 11-12 (MIL No. 14). Judge Lasnik already decided that motion. Dkt. # 167 at 6 (MIL No. 14).

He reserved ruling on the motion because the relevance of the Accord and other lawsuits was uncertain without context. *Id.* He held, "To the extent plaintiff wishes to introduce evidence in this category, he must identify the case with allegedly similar circumstances in advance, and defendant may object at that time." *Id.*

The circumstances have not changed, and the Court finds no error. The Court **ADOPTS** Judge Lasnik's ruling.

### BNSF's Motion *in Limine* No. 17

BNSF moves to exclude evidence or argument of "OSHA's findings regarding Plaintiff's termination." Dkt. # 350 at 12-13. After he was terminated, Mr. Rookaird filed an OSHA complaint against BNSF. *Id.* OSHA later issued findings and a preliminary order. *Id.* The parties objected to the findings, requesting review from an administrative law judge. *Id.* The hearing never took place, however, because Plaintiff filed the instant action. *Id.*

This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial. Dkt. # 123 at 13 (MIL No. 17). Judge Lasnik deferred ruling on that motion, explaining that he would address the admissibility of the OSHA findings before opening statements. Dkt. # 167 at 7 (MIL No. 17).

Circumstances have changed since Judge Lasnik delivered his *in limine* ruling. In a later order, he excluded OSHA's findings and preliminary order under Federal Rule of Evidence 403. Dkt. # 201. On remand, Plaintiff only argues why the findings and order are relevant, but he does not explain why they are not prejudicial. Dkt. # 356 at 13.

Given the change of circumstances, the Court **GRANTS** BNSF's seventeenth motion *in limine*.

ORDER – 16

1   **BNSF's Motion *in Limine* No. 19**

2       BNSF moves to exclude evidence or argument of a March 17, 2020 report

3   rendered by FRA inspector James A. Kromwall.  Dkt. # 350 at 13-14.  Dkt. # 350 at 10.

4   The company explains that Mr. Kromwall issued the report weeks after Mr. Rookaird

5   conducted the air brake test and was fired.  *Id.*  This motion is the same, or substantially

6   the same, as a motion *in limine* that BNSF made before the first trial.  Dkt. # 123 at 13-14

7   (MIL No. 19).  Judge Lasnik already ruled on that motion.  Dkt. # 167 at 7-8 (MIL No.

8   19).  He explained that Plaintiff failed to show why the evidence was relevant and

9   granted BNSF's motion.  *Id.*

10      On remand, Plaintiff tries to argue relevance for the first time.  Dkt. # 356 at 14.

11  He says that the report shows "the importance of air-brake testing" within the industry,

12  such as the attendant safety benefits.  *Id.*

13      Plaintiff's argument fails for two reasons.  First, it fails to identify any change in

14  circumstance or clear error.  Second, the importance of air-brake testing in the railroad

15  industry is hardly relevant—it has no consequence to the remaining issues on remand.

16  Dkt. # 365 at 5 (the contributing-factor element, BNSF's affirmative defense, and

17  damages).  And any relevance it may have is substantially outweighed by confusing the

18  issues.

19      The circumstances have not changed, and the Court finds no error.  The Court

20  **ADOPTS** Judge Lasnik's ruling.

21  **BNSF's Motion *in Limine* No. 22**

22      BNSF moves to exclude evidence or argument of its Employee Performance

23  Tracking System ("EPTS"), a database "containing information regarding disciplinary

24  action imposed upon BNSF employees since late spring/early summer of 2011."  Dkt.

25  # 350 at 14-15.  The company says that EPTS, created in "May or June of 2011" and

26  "well after the events giving rise to plaintiffs' termination," is irrelevant.  *Id.* (emphasis

27  omitted).

28  ORDER – 17

This motion is the same, or substantially the same, as a motion *in limine* that BNSF made before the first trial.  Dkt. # 123 at 15-16 (MIL No. 22).  In his previous opposition to that motion, Plaintiff argued that BNSF failed to produce EPTS information during discovery and argued that "the Jury should be allowed to infer that the evidence would be unfavorable to the railroad's position."  Dkt. # 136 at 14-15.  Judge Lasnik rejected Plaintiff's argument and granted BNSF's motion.  Dkt. # 167 at 8-9 (MIL No. 22).  He explained that Plaintiff failed to identify his specific discovery requests concerning EPTS or any discovery order from the Court about EPTS.  *Id.*

Since Judge Lasnik's initial ruling, circumstances have changed.  BNSF has since produced some EPTS records to Plaintiff.  Dkt. # 350 at 14-15; Dkt. # 377 at 5.

EPTS evidence in hand, Plaintiff now argues that evidence or argument concerning the database should not be excluded.  Dkt. # 356 at 15-16.  He concedes that the existence of the database and the date of its creation are unimportant.  *Id.*  But he argues that "the comparators contained within the EPTS system" are relevant because they reveal how BNSF disciplined other employees "similarly situated" to Mr. Rookaird.  *Id.*

Given the change in circumstances, the Court must rule on this motion anew.  The Court finds BNSF's arguments unpersuasive.  The database itself may have come into existence after Mr. Rookaird was terminated.  But the *information within the database*— information about how BNSF disciplined its other employees—is relevant to the remaining issues on remand, namely BNSF's affirmative defense that it would have terminated Mr. Rookaird despite his refusal to stop the airbrake test.  That said, relevant as such evidence may be, the Court echoes its ruling on BNSF's fourth motion *in limine*: "comparator" evidence is better dealt with in the context of trial.

Thus, the Court **RESERVES** ruling on BNSF's twenty-second motion *in limine*.  Like its ruling on BNSF's fourth motion *in limine*, Plaintiff must raise EPTS comparator evidence in advance of the witness's testimony with a brief proffer by Plaintiff's counsel,

ORDER – 18

1    and BNSF may object at that time.

2        **BNSF's Motion *in Limine* No. 23**

3        BNSF moves to exclude "[t]estimony of Andrea Smith or [r]eferences [t]hereto."

4    Dkt. # 350 at 15.  It anticipates that Plaintiff will call Ms. Smith "to manufacture

5    uncertainty about when the EPTS system went into effect."  *Id.*  This motion is the same,

6    or substantially the same, as a motion *in limine* that BNSF made before the first trial.

7    Dkt. # 123 at 16-17 (MIL No. 23).  Judge Lasnik already ruled on that motion.  Dkt. #

8    167 at 9 (MIL No. 23).  He reasoned that Ms. Smith would only be called to discuss the

9    EPTS database and that, given his exclusion of the EPTS database, her testimony would

10   no longer be relevant.  *Id.*

11       Like BNSF's twenty-second motion, circumstances have changed since Judge

12   Lasnik's initial ruling.  Plaintiff now has some EPTS records.  Plaintiff argues that Ms.

13   Smith's testimony may lay the foundation for those records because she "understands the

14   ETPS system and can testify as to the reports that the system can generate, who at BNSF

15   reviews those reports, and whether audits are done to ensure compliance and consistency

16   throughout the EPTS system."  Dkt. # 356 at 16.

17       Given the change in circumstances, the Court must rule anew.  Plaintiff,

18   apparently, does not intend to illicit comparator evidence from Ms. Smith.  He only

19   intends to call her so that she can lay foundation for the EPTS system.  As the Court

20   explained in its previous ruling, now that the parties and the Court are aware of what kind

21   of data the database contains, the EPTS is no doubt relevant.

22       To the extent that Ms. Smith is called to lay foundation for the EPTS, the Court

23   **DENIES** BNSF's twenty-third motion *in limine*.  If Ms. Smith is asked to testify about

24   comparator evidence, the Court's rulings on BNSF's fourth and twenty-second motions

25   *in limine* apply.

26       **Plaintiff's Motion *in Limine* No. 5**

27       Plaintiff moves to exclude evidence or argument of a Public Law Board decision

28   ORDER – 19

about Mr. Rookaird's termination.  Dkt. # 348 at 6-7.  This motion is the same, or substantially the same, as a motion *in limine* that Plaintiff made before the first trial.  Dkt. # 125 at 5-8 (MIL No. 3).  Judge Lasnik deferred ruling on that motion, explaining that he would address the admissibility of the Public Law Board's findings before opening statements.  Dkt. # 168 at 2 (MIL No. 3).

Like BNSF's seventeenth motion *in limine*, circumstances have changed since Judge Lasnik delivered this *in limine* ruling.  In a later order, he excluded the Public Law Board's decision under Federal Rule of Evidence 403.  Dkt. # 201.

Given the change of circumstances, the Court **GRANTS** Plaintiff's fifth motion *in limine*.

### iii.    New Motions *in Limine*

The following motions *in limine* are new.  The parties make them for the first time on remand, and they were not decided by Judge Lasnik.  The Court does not rule on every new motion *in limine*, however, only the ones that it believes may streamline trial.

### BNSF's Motion *in Limine* No. 14

BNSF moves to exclude evidence or argument of "[a]ny other lawsuits or the results thereof against BNSF based on the FRSA."  Dkt. # 350 at 11-12.  It says that any other claims or lawsuits against BNSF are irrelevant and unduly prejudicial because this case is "patently unique."  *Id.*  This motion *in limine*, at bottom, is about the use of comparator evidence.  The Court has already ruled on the admissibility of such evidence.  *See supra* BNSF Motion *in Limine* Nos. 4 & 22.  The Court again echoes those rulings: comparator evidence is best dealt with in the context of trial.

Thus, the Court **RESERVES** ruling on BNSF's fourteenth motion *in limine*.  Plaintiff must raise comparator evidence in advance of the witness's testimony with a brief proffer by Plaintiff's counsel, and BNSF may object at that time.

### BNSF's Motion *in Limine* No. 27

BNSF moves to exclude testimony from Plaintiff's expert, Brandon Ogden.  Dkt.

ORDER – 20

# 350 at 17.  The company argues that Mr. Ogden's expert report is untimely and unreliable.  *Id.*

This Court already struck Mr. Ogden's expert report.  Dkt. # 365 at 8-11.  The Court held that Plaintiff's disclosure of the expert report was untimely and not substantially justified or harmless.  *Id.*  Ultimately, the Court struck the report and prohibited Mr. Ogden from testifying at trial.  *Id.*

Opposing BNSF's motion *in limine*, Plaintiff requests that the Court "reconsider" its previous order striking Mr. Ogden's report.  Dkt. # 377 at 7.  Plaintiff's request is improper.  In this order, the Court is deciding the parties' motions *in limine*.  It is not reconsidering past orders.  The Court's previous order striking Mr. Ogden's report went unchallenged; neither party moved to reconsider.  The order stands.

Thus, the Court **GRANTS** BNSF's twenty-seventh motion *in limine*.

## Plaintiff's Motion *in Limine* No. 12

Plaintiff moves to exclude any evidence or argument that Mr. Rookaird violated BNSF policies, other than those violations that BNSF alleged during the first trial.  Dkt. # 348 at 12.  BNSF does not oppose the motion.  Dkt. # 354 at 12.

Given the lack of opposition, the Court **GRANTS** Plaintiffs' twelfth motion *in limine*.

## Plaintiff's Motion *in Limine* No. 13

Plaintiff moves to exclude BNSF's evidence of "mitigation of damages."  Dkt. # 348 at 12-13.  He says that BNSF's expert, Shelly Lewis, rendered an "unduly speculative" report that should be excluded under Federal Rule of Evidence 403.  *Id.*  According to Plaintiff, Ms. Lewis's report was deficient for many reasons.  *Id.*  Among them is that Ms. Lewis identified other positions that Mr. Rookaird could have obtained after he was fired from BNSF, but she failed "to establish that Rookaird was qualified for those positions."  *Id.* at 13.

BNSF argues that Ms. Lewis's opinions are not speculative; they are "actual

railroad positions that were available between 2009 and 2019 that Plaintiff did not apply for." Dkt. # 354 at 12-13.

The Court begins by reaffirming its previous order striking Ms. Lewis's expert report "*to the extent that* [her] . . . report[] opine[s] on damages before May 2016.*" Dkt. # 395 at 5-6 (emphasis added). Next, because Plaintiff's motion *in limine* is brought under Rule 403 grounds and because this is a bench trial, the Court reserves ruling on the motion. Without the benefit of context, the Court cannot weigh the prejudicial nature of Ms. Lewis's testimony against its probative value, and the Court need not protect the jury from its disclosure. Plaintiff is free to make his objections at trial.

Thus, the Court **RESERVES** ruling on Plaintiff's thirteenth motion *in limine*.

**Plaintiff's Motion *in Limine* No. 14**

Plaintiff moves to exclude BNSF expert Mark Erwin. Dkt. # 348 at 14-17. He claims that Mr. Erwin's report, which employs a "cohort" approach to measure Mr. Rookaird's potential earning capacity, is "fundamentally inadequate." *Id.* One reason it is deficient, he says, is that Mr. Erwin "fails to account for the unique pay structure and job bidding process" available to "veteran" railroad employees like Mr. Rookaird. *Id.*

Under what authority Plaintiff brings this motion *in limine* is unclear. He does not cite any evidentiary rule. BNSF presumes that Plaintiff proceeds under Rule 702. Dkt. # 354 at 13-18.

The Court reserves ruling on this motion *in limine*. Even if Plaintiff's motion is being brought under *Daubert*, the Court's gatekeeping responsibilities are greatly diminished in a bench trial. *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) ("In bench trials, the district court is able to make its reliability determination during, rather than in advance of, trial." (quoting *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)) (collecting cases). Plaintiff is free to make objections to Mr. Erwin's testimony during trial. Separately, the Court reaffirms its previous order striking Mr. Erwin's report "*to the extent that* [it] opine[s] on damages before May 2016.*" Dkt. # 395 at 5-6 (emphasis

added).

Thus, the Court **RESERVES** ruling on Plaintiff's fourteenth motion *in limine*.

### iv.    **Reserved Motions *in Limine***

As explained above, once a case becomes a bench trial, the need for an advanced evidentiary ruling generally "evaporate[s]." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). "In limine," or "at the outset," rulings enable a court to resolve admissibility issues of certain evidence before counsel tries to use the evidence before a jury. *Id.* When the judge is a factfinder, however, advanced rulings often become "coals to Newcastle." *Id.*

For that reason, the Court **RESERVES** ruling on the remaining motions *in limine*. Specifically, the Court reserves ruling on BNSF motion *in limine* nos. 1, 26, 28, 29, 30, 31, and 32, as well as Plaintiff's motion *in limine* nos. 4, 10, and 11.

## IV.  CONCLUSION

The Court rules on the parties' motions in limine as set forth above. Dkt. ## 348, 350, 377. Counsel for both parties are instructed to admonish their witnesses to abide by this Court's order on the motions in limine. Failure to do so may result in sanctions.


DATED this 15th day of October, 2021.


The Honorable Richard A. Jones
United States District Judge

ORDER – 23