HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Paul W. Parker, Personal Representative of the Estate of Curtis John Rookaird,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BNSF Railway Company,<br><br>　　　　Defendant. | Case No.  2:14-cv-00176-RAJ<br><br>ORDER |

　　　　This matter comes before the Court on Plaintiff's motion to seal (Dkt. # 399) and Defendant's motion to strike (Dkt. # 477).

　　　　Plaintiff's motion seeks to seal or strike Docket Nos. 393 and 393-1. Dkt. # 399. Those docket entries contain an email from Curtis Rookaird's wife, Kelly Rookaird. At the time the email was filed, the Court and the parties were determining whether to take a preservation deposition of Mr. Rookaird, who was terminally ill. Dkt. # 394. At issue was Mr. Rookaird's willingness to take that deposition given his declining health. Dkt. # 396. Defendant represented to the Court that, according to an email from Ms. Rookaird, Mr. Rookaird did not want to take that deposition. *Id.* at 8-9. The Court, however, noted that it did not receive Ms. Rookaird's email. *Id.* at 13. Defendant later

ORDER – 1

filed Ms. Rookaird's email at Docket No. 393-1.

Plaintiff's counsel moves to seal Ms. Rookaird's email because it contains "irrelevant, inaccurate, and libelous statements sent by [Mr. Rookaird]'s wife during an emotional and stressful time in which her husband's health was declining to the point of requiring hospice care." Dkt. # 399 at 7. In her email, Ms. Rookaird recalls her interactions with Plaintiff's counsel, calling him a "bully" and "immoral," and describing his communications with her as "nasty," among other things. Dkt. # 393-1.

Unsurprisingly, the parties could not come to an agreement on whether Ms. Rookaird's email should be kept under seal. BNSF argues that the email should remain public because "[a]ttorney ethics are an issue of public interest." Dkt. # 404 at 3. Plaintiff says that, should the email remain public, it would only serve to gratify private spite. Dkt. # 399 at 2.

Because Ms. Rookaird's email was not attached to a dispositive motion, the Court applies a "good cause" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Here, the Court finds good cause to seal Ms. Rookaird's email. The public's interest in accessing Ms. Rookaird's thoughts about Mr. Rookaird's willingness to attend a deposition is exceedingly small. Meanwhile, her *ad hominem* attacks about Plaintiff's counsel, if allowed to remain public, may be later used to gratify private spite. *Kamakana*, 447 F.3d at 1179 (explaining that sealing may be justified when court records are used "to gratify private spite, promote public scandal, [or] circulate libelous statements").

Thus, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to seal. The Clerk shall seal Docket No. 393-1. Docket No. 393, on the other hand, which is simply a declaration attaching Ms. Rookaird's email, shall remain publicly available.

ORDER – 2

Turning to the Defendant's motion to strike untimely and inadmissible exhibits, the Court finds that the motion is moot. Dkt. # 477. Defendant's motion seeks to strike certain exhibits that Plaintiff filed after the close of trial. Defendant says that the evidence, located at Docket Nos. 476, 476-1 to -3, is untimely.

Earlier this week, the Court entered its Findings of Fact and Conclusions of Law, finding in favor of Defendant. Dkt. # 479. In entering that order, the Court did not rely on Plaintiff's late-filed evidence. Thus, the Court **DENIES as moot** Defendant's motion to strike. Dkt. # 477.

DATED this 29th day of March, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3