HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL W. PARKER, as Personal Representative of the Estate of Curtis John Rookaird,

   Plaintiff,

   v.

BNSF RAILWAY COMPANY,

   Defendant.

Case No. 2:14-cv-00176-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion to alter or amend judgment, or, in the alternative, motion for a new trial. Dkt. # 490. For the reasons below, the Motion is **DENIED**.

## II. BACKGROUND

Plaintiff brought this action under 49 U.S.C. § 20109(d)(3) alleging BNSF Railway Company ("BNSF") violated the anti-retaliation provision of the Federal Railroad Safety Act ("FRSA"). Plaintiff claims BNSF fired Rookaird, in part, for "protective activity" under the Act, specifically for refusing to stop an air-brake test. BNSF claims that it would have fired Rookaird even without the air-brake test. *Id.*

An FRSA retaliation claim requires a plaintiff to prove by the preponderance of the evidence that (1) he engaged in a protected activity; (2) the employer knew he engaged in

ORDER – 1

the allegedly protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable personnel action. 29 C.F.R. § 1982.104(e)(2). In this case, the district court found a triable issue as to whether Rookaird engaged in a protected activity, but otherwise granted him summary judgment on the remaining elements of his FRSA retaliation claim. Dkt. # 310 at 8. The jury considered the protected activity element, BNSF's affirmative defense, and damages at trial. *Id*. A jury found that Rookaird's refusal to stop the break-test was FRSA-protected activity. *Id*. The district court awarded $1.2 million in damages and entered final judgment. *Id.*

The parties timely appealed several of the underlying orders. Dkt. ## 290, 291, 303, 307. The Ninth Circuit affirmed the district court's denial of BNSF's motion for judgment as a matter of law on the protected-activity element. Dkt. # 310. But the Ninth Circuit also concluded that the district court improperly conflated the prima facie showing of Rookaird's FRSA retaliation claim with his substantive case, and that Rookaird was not entitled to summary judgment on the contributing-factor element of his substantive case. *Id*. at 23. In reversing, the Ninth Circuit added that it "express[es] no view on whether the improper grant of summary judgment to Rookaird on his substantive case justifies a new trial on other issues, such as BNSF's affirmative defense or damages. We leave it to the district court on remand to decide whether a new trial on other issues is warranted in light of our decision." Dkt. # 310 at 24 n. 8.

Following the Ninth Circuit's decision, this Court issued an order stating that three issues would be retried: (1) the contributing-factor element of Plaintiff's substantive case, (2) BNSF's affirmative defense, and (3) damages. After a bench trial, the Court concluded that Plaintiff proved his substantive case, but that BNSF proved its affirmative defense by clear and convincing evidence. Dkt. # 479 at 12. Plaintiff then moved to amend or alter findings of fact and judgment or for a new trial under Rule 59.

ORDER – 2

### III.  DISCUSSION

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and alter or amend a judgment. Reconsideration under Rule 59(e) is appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation and citation omitted); *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). The decision to grant a Rule 59(e) motion rests within the broad discretion of the court.

The standard for granting a new trial under Federal Rule of Civil Procedure 59(a) is similar to the standard for reconsideration under Rule 59(e). Although Rule 59(a)(2) provides that a new trial may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States," the Ninth Circuit has held that there are three grounds for granting a new trial following a bench trial: "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978). Granting a new trial is left to the sound discretion of the trial court. *See City Solutions, Inc. v. Clear Channel Comm'cns, Inc.*, 365 F.3d 835, 843 (9th Cir. 2004).

A.  **Manifest error of law**

A manifest error is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's

ORDER – 3

1  Law Dictionary (11th ed. 2019). Plaintiff makes three arguments. First, he argues that it
2  was manifestly erroneous for the Court to come to an "abiding conviction" about BNSF's
3  affirmative defense "without any analysis of the elements of the law at hand." Dkt. # 491
4  at ¶ 8. Second, he argues the Court made an error of law by ignoring the Ninth Circuit's
5  mandate regarding remand. Third, Plaintiff argues that the Court improperly restricted the
6  scope of discovery on remand. *Id*. None of these arguments have merit.
7       As to his first contention, Plaintiff argues that the Court ignored the applicable
8  Ninth Circuit standard and instead applied its own balancing test. *Id.* at ¶ 11. This
9  contention is without merit. Before starting its analysis of BNSF's affirmative defense,
10 the Court expressly cited to the correct standard under the FRSA— that "[a]n employer
11 can defeat a claim for unlawful retaliation if it can prove, by clear and convincing
12 evidence, that the employer would have taken the same unfavorable personnel action in
13 the absence of the protected activity." Dkt. # 479 at 12 (omissions). The Court concluded
14 Rookaird would have been fired absent the protected activity — specifically, for gross
15 dishonesty and for insubordination. *Id.* at 12-13. The Court made substantive factual
16 findings in support of its conclusion, including: (i) that gross dishonesty and
17 insubordination were single, dismissible offenses; (ii) that BNSF believed Rookaird's
18 dishonesty in falsely reporting his tie-up time was significant because of its federal
19 reporting obligations; (iii) that air test only amounted for a small part of Rookaird's
20 supposed inefficiency; and (iv) that BNSF did not fire other crew members who
21 conducted the same air test but properly completed their tie-up timeslip and were not
22 insubordinate . *Id.* at 13-15. The Court finds no manifest error of law on this point.
23      Regarding the Ninth Circuit mandate, Plaintiff argues the Court made an error of
24 law by permitting a retrial on BNSF's affirmative defense and damages. Dkt # 491 at 2.
25 The Ninth Circuit expressly stated that it was "leav[ing] it to the district court on remand
26 to decide whether a new trial on other issues is warranted." Dkt. # 310 at 24 n. 8. In
27 accordance with this instruction, the Court determined that the interrelatedness between
28 ORDER – 4

1  the contribution-factor element and the BNSF's affirmative defense warranted a retrial on both issues. Dkt. # 328 at 3-4. The Court finds no error of law on this point.

Finally, on Plaintiff's issue with discovery, this Court has discretion to grant or deny additional discovery as warranted. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting the trial court's broad discretion in discovery matters). The parties had engaged in several years of discovery prior to the first trial and exchanged thousands of documents. None of the issues on remand required the kind of additional discovery that Plaintiff wanted. Although Plaintiff wishes the Court reached a different conclusion on certain discovery requests following remand, the Court does find a manifest error of law.

### B.     Manifest error of fact

Plaintiff also claims the Court made numerous errors of fact. Dkt. # 491 at 9-15. In order to succeed on this ground, Plaintiff must show that the court's factual basis amounts to a "complete disregard" of the "credible evidence in the record." Black's Law Dictionary (11th ed. 2019). Plaintiff's briefing on this point amounts to rehashing and reweighing evidence, and argues that the Court failed to fairly consider evidence supporting his position. *See* Dkt. # 491 at 6-15. The Court finds that its conclusions are adequately supported by sufficient evidence. Furthermore, there is no requirement that the Court base its findings on "each and every fact presented at trial." *Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 792 (9th Cir. 1986).  The Court cannot say that it completely disregarded credible evidence in concluding that Rookaird would have been fired absent the protected activity.

### C.     Issues regarding time and evidentiary rulings

Plaintiff also makes two additional arguments. First, he claims that he was prejudiced by the amount of time given to present his case. It is well within the Court's authority to impose time limits. *See Smith v. Depasquale*, 727 Fed. Appx. 411, 412 (9th Cir. 2018) (finding that the district court did not abuse its discretion in limiting each party to nine hours of trial time based on "the 'broad authority' of trial courts 'to impose

ORDER – 5

reasonable time limits' ") (citation omitted); *Walter Intern. Productions, Inc. v. Salinas*, 650 F.3d 1402, 1408 (11th Cir. 2011) (finding that the district court's time limitation on trial was not an abuse of discretion where the court was not inflexible and granted additional time when one party exceeded its allotted time). Given the number of witnesses presented, and the additional time granted to counsel at trial, the Court finds no manifest error requiring a new trial.

Plaintiff also argues that he was prejudiced by several evidentiary rulings requiring a new trial. Dkt. # 491 at 3-4. If a motion for new trial is based upon an alleged evidentiary error, a new trial is warranted only if the party was "substantially prejudiced" by an erroneous evidentiary ruling. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). The Court stands on its evidentiary rulings regarding certain prior testimony as consistent with the Federal Rules of Evidence. Accordingly, the Court finds no basis to grant a Rule 59 motion on this ground.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's Motion.

DATED this 5th day of August, 2022.

HON. RICHARD A. JONES
United States District Judge

ORDER – 6