1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL W. PARKER, as Personal
Representative of the Estate of Curtis
John Rookaird,

                Plaintiff,

    v.

BNSF RAILWAY COMPANY, a
Delaware corporation,

                Defendants.

CASE No. 2:14-CV-00176-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Seal Exhibits, Dkt. # 502, and Defendant's Motion to Revoke Order Granting *Pro Hac Vice* Admission of Plaintiff's Counsel ("Motion"), Dkt. # 511. For the following reasons, the Court **STRIKES** Plaintiff's Motion to Seal and **DENIES** Defendant's Motion to Revoke.  Dkt. # 502, 511.

//

//

## II.   DISCUSSION

### A.  Motion to Seal

Plaintiff seeks to file under seal three exhibits attached to the Supplemental Declaration of William G. Jungbauer ("Jungbauer Declaration"), Dkt. # 501, which was filed in support of Plaintiff's motion for a new trial. Dkt. # 490. In Defendant's surreply to Plaintiff's motion for a new trial, Defendant asked the Court to strike the exhibits to the Jungbauer Declaration and the portions of Plaintiff's brief that relied upon the exhibits. Dkt. # 504 at 2. The Court denied Plaintiff's motion for a new trial. Dkt. # 505.[1]

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). Parties may file a document under seal in two circumstances: (1) if a statute, rule, or prior court order expressly authorizes filing the document under seal, or; (2) if a party files a motion to seal before or at the same time the party files the sealed document, pending the court's ruling on the motion to seal. Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However, where parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, "a party wishing to file a confidential

---

[1] Plaintiff has filed a notice of appeal, in part, relating to the Court's denial of Plaintiff's motion for a new trial. Dkt. # 508. The "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over *those* aspects of the case involved in the appeal." *Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); see also *Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2002); *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986) (The filing of a notice of appeal divest the district court of jurisdiction," and "[u]nless the appellate court remands to the district court, the latter is without jurisdiction to consider the motion to vacate judgement."). Here, however, the Court retains jurisdiction over matters except "those aspects of the case involved in the appeal," including the motion to seal. *Id*. (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), 459 U.S. at 58).

document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

Here, Plaintiff has failed to comply with LCR 5(g). Plaintiff has not properly filed a copy of the exhibits with the Clerk, instead filing documents that state only: "CONFIDENTIAL – FILED UNDER SEAL." Dkt. # 501, Ex. 3 – 5.  It is the Court's understanding that Plaintiff transmitted a thumb drive containing the confidential exhibits directly to the Court, bypassing the requirements of LCR 5(g) and the procedure set forth in the Western District of Washington's Electronic Filing Procedures for Civil and Criminal Cases, which provides that non-paper exhibits be submitted to the Clerk along with a Notice of Filing Paper or Physical Materials. Even after the Court informed Plaintiff that the submission was improper, Plaintiff did not cure the defective filing. Consequently, the Court has not reviewed or considered any materials improperly submitted by Plaintiff. Given that the Court has not, and cannot, review the exhibits to determine whether Plaintiff's sealing request meets the standard set forth in LCR 5(g), and it does not appear that Plaintiff has even tried to comport with this District's requirement. Plaintiff's motion to seal is hereby **STRIKEN** from the record.

## B. Motion to Revoke Counsel's *Pro Hac Vice* Status

Defendant argues that Plaintiff's attorney, Mr. Jungbauer, has been unauthorized to practice law in his home state of Minnesota since June 27, 2022, and that he has been suspended from practicing law in Colorado and Wisconsin. Dkt. # 511 at 2. Defendant requests the Court revoke Mr. Jungbauer's *pro hac vice* status for failure to apprise the Court of these disciplinary actions. *Id.* Mr. Jungbauer claims that due to an administrative mistake, where CLE credits were not reported, he was placed on a temporary restricted

status in the state of Minnesota. Dkt. # 513. He also claims that similar restrictions were placed on his bar license in Colorado and Wisconsin. *Id.* Despite these interruptions to Mr. Jungbauer's bar admissions in Minnesota, Colorado, and Wisconsin, he has been barred in Montana throughout the duration of this litigation. Dkt. # 513 at 2.

Under LCR 83.1(d), an attorney must be a "member in good standing of the bar of any court of the United States." During the entirety of 2022, including when Plaintiff filed its Notice of Appeal before this Court, Mr. Jungbauer was an active attorney before the state bar of Montana and therefore not in violation Under LCR 83.1(d). Accordingly, the Court will not revoke his pro hac vice status. Defendant's motion is **DENIED**.

### III.  CONCLUSION

For the reasons stated above, the Court **STRIKES** Plaintiff's Motion to Seal and **DENIES** Defendant's Motion to Revoke. Dkt. # 502, 511.

DATED this 19th day of October, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER- 4